J-S80018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD HARTZELL | : | |
| | : | |
| Appellant | : | No. 771 EDA 2017 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Bucks County Criminal Division at No(s):
CP-09-CR-0001483-2012,
CP-09-CR-0008163-2011

BEFORE:  BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 27, 2018**

Appellant, Edward Hartzell, appeals *nunc pro tunc* from the judgment of sentence entered following the revocation of his probation at trial court docket numbers CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012. Appellant filed this direct appeal after his appellate rights were reinstated as a result of a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

We glean from the record the following factual and procedural history. On April 13, 2015, the trial court sentenced Appellant on a separate criminal case at trial court docket number CP-09-CR-0001084-2015, to a term of three and one-half to seven years of incarceration followed by seven years

of probation for the crime of burglary. PCRA Petition, 8/23/16, at ¶12.[1] At the time Appellant was sentenced at CP-09-CR-0001084-2015, he was serving sentences of probation at CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012.[2] On March 4, 2016, the trial court held a hearing and concluded that Appellant violated his probation at CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012. The trial court revoked Appellant's probation at each case and resentenced Appellant to terms of three to six years of incarceration followed by ten years of probation at both CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012.[3] These sentences were ordered to be served concurrently to each other and consecutively to the sentence imposed at docket number CP-09-CR-0001084-2015. Appellant did not file post-sentence motions at CP-09-CR-0008163-2011 or CP-09-CR-0001483-2012.

_____

[1] Appellant did not file an appeal from the judgment of sentence at CP-09-CR-0001084-2015. Therefore, the record in that matter is not before this Court. Nevertheless, there is no dispute among the parties and the trial court that this sentence was the impetus for the probation revocation and subsequent sentences at CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012. N.T., 3/4/16, at 5.

[2] Appellant was also serving a sentence of probation at CP-09-CR-0003920-2013. However, Appellant stated in his PCRA petition that the sentence in that case was closed. PCRA Petition, 8/23/16, at ¶17. Appellant did not file an appeal at that docket number.

[3] The trial court also revoked Appellant's parole at CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012.

On August 23, 2016, Appellant filed a timely PCRA petition at both CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012 seeking reinstatement of his post-sentence and appellate rights. The PCRA court appointed counsel, and on February 6, 2017, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*. The February 6, 2017 order did not mention Appellant's post-sentence rights, and Appellant did not file post-sentence motions. On February 24, 2017, Appellant filed a timely *nunc pro tunc* appeal from the judgment of sentence at CP-09-CR-0008163-2011 and CP-09-CR-0001483-2012.

On appeal, Appellant raises one issue for this Court's consideration:

A. Did the trial court abuse its discretion by imposing a manifestly excessive and unjust sentence on the aforesaid docket numbers as it did not consider the rehabilitation needs of [A]ppellant or other sentences he was serving at the time the above sentence was imposed?

Appellant's Brief at 5 (full capitalization omitted).

Allegations that a sentencing court failed to consider certain factors or imposed a manifestly excessive sentence are challenges to the discretionary aspects of a sentence. *See Commonwealth v. Cruz–Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) (a claim that the sentencing court failed to consider certain factors implicates the discretionary aspects of a sentence); *see also Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa. Super. 2005) (a claim alleging a sentence is manifestly excessive is a challenge to the discretionary aspects of the sentence). We note that "[t]he right to

- 3 -

appellate review of the discretionary aspects of a sentence is not absolute."
*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007). Additionally, we point out that while Appellant has appealed the discretionary aspects of sentences imposed following the revocation of probation, such challenges are permitted. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (challenges to the discretionary aspects of an appellant's sentence in an appeal following a revocation of probation are allowed).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)).

We begin with the second prong of the test set forth in **Moury** as it is dispositive. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **See Commonwealth v. Shugars**, 895 A.2d 1270, 1273-1274 (Pa. Super. 2006) (citation omitted). At the sentencing hearing following the revocation of his probation, Appellant did not challenge the sentences imposed at trial court docket numbers CP-09-CR-0008163-2011 or CP-09-CR-0001483-2012. Moreover, as discussed above, Appellant did not file a post-sentence motion to reconsider or modify his sentences at trial court docket numbers CP-09-CR-0008163-2011 or CP-09-CR-0001483-2012. Accordingly, we are constrained to conclude that Appellant failed to preserve his challenges to the discretionary aspects of the sentences imposed therein. **Shugars**, 895 A.2d at 1273-1274. Due to Appellant's waiver of his sole issue on appeal, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/18