**COMMONWEALTH of Pennsylvania Appellee**

v.

**Thomas D. LEE Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 27, 2004.

Filed April 27, 2005.

Reargument Denied July 7, 2005.

William P. Weichler, Erie, for appellant.

Robert A. Sambroak, Jr., Assistant District Attorney, Erie, for Commonwealth, appellee.

Before: BENDER, PANELLA, and POPOVICH, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Thomas D. Lee, appeals from the judgment of sentence entered on March 16, 2004 by the Honorable Ernest J. DiSantis, Jr., Court of Common Pleas of Erie County. After a careful review, we affirm.

¶ 2 Appellant worked as a counselor at the Community Country Day School in Erie, Pennsylvania. While employed at the school, Appellant sexually victimized a fifteen year old male student, D.M. Over the course of seven months, from January 1, 2002 through July 25, 2002, Appellant transported the victim to his home, provid-

ed him with alcoholic beverages, showed him adult pornographic videos, and engaged in oral and anal sex with the victim. According to the victim, this heinous activity occurred as often as six times a month. Further, on one occasion, Appellant even asked the victim if he could videotape their sexual activity. In exchange for sexual activity, Appellant took the victim shopping and provided him with money and CDs. The victim eventually conveyed the instances of sexual abuse to his father and, on July 25, 2002, Appellant's conduct was reported to the police.

¶ 3 On January 6, 2004, Appellant entered a *nolo contendre* plea to one count of corruption of minors[1] and two counts of indecent assault.[2] Thereafter, Appellant was sentenced on March 16, 2004 to an aggregate period of incarceration of fifteen (15) to ninety-six (96) months. Subsequent thereto on March 24, 2004, Appellant filed a post-sentence motion which was denied by the trial court on the same day. This timely appeal followed.

¶ 4 On appeal, Appellant raises two issues for our review. First, whether his sentence was manifestly excessive, with the emphasis of his argument directed at the cumulative maximum penalty imposed. And second, whether the trial court erred by refusing to admit into evidence, at the sentencing hearing, evidence regarding parole policies implemented by the Pennsylvania State Board of Probation and Parole.

¶ 5 Appellant concedes that his first issue is a challenge to the discretionary aspects of his sentence. Specifically, Appellant claims that the sentence imposed by the trial court was manifestly excessive and in violation of the sentencing guidelines.

¶ 6 It is well-settled that "a claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence." *Commonwealth v. Bishop,* 831 A.2d 656, 660 (Pa.Super.2003). However, Appellant's right to appeal the discretionary aspects of his sentence is not absolute. *Commonwealth v. Barzyk,* 692 A.2d 211, 216 (Pa.Super.1997).

¶ 7 In *Bishop,* this Court set forth the two requirements which must be met prior to reaching the merits of a challenge to the discretionary aspects of a sentence. "First, the appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence." *Bishop,* 831 A.2d at 660 (*citing Commonwealth v. Koren,* 435 Pa.Super. 499, 646 A.2d 1205, 1207 (1994)). "Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *Id.; see also* 42 PA. CONS. STAT. ANN. § 9781(b). In order to establish the existence of a substantial question, the appellant must show "actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentence process." *Bishop,* 831 A.2d at 660. Additionally, in *In the Interest of M.W.,* 555 Pa. 505, 725 A.2d 729 (1999), our Supreme Court acknowledged that the determination of whether a particular issue raises a substantial question must be evaluated by the court on a case-by-case basis. *Id.* at 731.

¶ 8 Our review of the record in the case *sub judice* reveals that Appellant has complied with the technical requirements for review of the discretionary aspects of the sentence. Specifically, Appellant incorpo-

---

1. 18 PA. CONS. STAT. ANN. § 6301(a)(1).

2. 18 PA. CONS. STAT. ANN. § 3126(a)(8).

rated his statement of reasons for allowance of appeal pursuant to Pa.R.A.P., Rule 2119(f) into his brief. Appellant's Brief at 11. Additionally, Appellant contends that the maximum sentence imposed violates the "sentencing norms and emasculate[s] the purpose and function of the plea agreement reached between the defense and the Commonwealth." Appellant complains that the maximum sentence of ninety-six months is manifestly excessive because of Appellant's lack of a "prior criminal record, ... excellent work history, ... excellent educational background and exemplary community and volunteer involvement ...." Appellant's Brief at 12.

¶ 9 This Court must review each excessiveness claim on a case by case basis when the sentence imposed is within the statutory limits. *Commonwealth v. Titus,* 816 A.2d 251, 255 (Pa.Super.2003). Bald allegations of excessiveness, unaccompanied by a plausible argument that the sentence imposed violated a provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme, are insufficient to raise a substantial question. *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (2002).

¶ 10 In the instant case, Appellant "has no complaint and raises no issue regarding the minimum sentence imposed." Appellant's Brief at 12. Moreover, Appellant concedes that the sentence imposed is in compliance with the Sentencing Guidelines. Appellant's Brief at 16. Appellant argues that his sentence is excessive because of his expectation that he will not be paroled by the Pennsylvania Board of Probation and Parole ("PBPP") at expiration of his minimum sentence. *Id.* at 12 and 16.

¶ 11 When the aggregated term of a sentence is for two years or more, exclusive authority to parole for such a sentence is vested in the State Board of Probation and Parole. *Commonwealth v.*
*Ford–Bey,* 404 Pa.Super. 281, 590 A.2d 782, 784 (1991). With respect to a state sentence, the PBPP has "exclusive power to parole ... all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided." 61 P.S. § 331.17. Inasmuch as the decision to grant parole rests exclusively with the PBPP, the issue of parole is not a fundamental norm underlying the sentencing process. *See Commonwealth v. Eby,* 784 A.2d 204, 208 (Pa.Super.2001). Basically, in state sentence cases, the imposition of a minimum incarceration sentence by the trial court serves the limited purpose of notification to the PBPP of the initial date that the defendant is *eligible* for parole:

> The significance of minimum sentences arises in connection with eligibility for parole. See generally Act of August 6, 1941, P.L. 861, §§ 1–34, as amended, 61 P.S. §§ 331.1 to 331.34 (Supp.1974). Responsibility for determining when to release a person on parole is vested in the Board of Parole. 61 P.S. § 331.17 (Supp.1974) [footnote omitted]. No person, who has received a minimum sentence, may be considered for parole prior to the expiration of that minimum sentence. Id. § 331.21 (1964). In other words, a minimum sentence serves to notify the Board when it may exercise its discretion to parole an individual.

*Commonwealth v. Butler,* 458 Pa. 289, 294–295, 328 A.2d 851, 854–855 (Pa.1974).

¶ 12 The sentencing guidelines were formulated to replace an arguably chaotic sentencing system with a more rational one in order " 'to make criminal sentences more rational and consistent, to eliminate unwarranted disparity in sentencing, and to restrict the unfettered discretion given

to sentencing judges.' " *Commonwealth v. Eby,* 784 A.2d at 208 (quoting Pennsylvania House Journal, 3130 (September 21, 1978)). The law in Pennsylvania takes into account that the sentencing court is divested of its discretion regarding parole when a sentence of greater than two years is imposed. As such, we find that in this case, Appellant has failed to raise a substantial question and we decline to address Appellant's challenge to his sentence on the merits.

 ¶ 13 Even if we were to find that Appellant's claim raised a substantial question, we would find no reason to vacate the sentence under the facts presented. Preliminarily, we note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Messmer,* 863 A.2d 567, 572 (Pa.Super.2004). " 'Discretion is abused when the course pursued [by the trial court] represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias, or ill will.' " *Commonwealth v. Smith,* 545 Pa. 487, 491, 681 A.2d 1288, 1290 (1996) (*quoting Coker v. S.M. Flickinger Co.,* 533 Pa. 441, 448, 625 A.2d 1181, 1185 (1993)); *Commonwealth v. Ripley,* 833 A.2d 155, 159 (Pa.Super.2003), *appeal denied, Commonwealth v. Debrew,* 577 Pa. 733, 848 A.2d 927 (Pa.2004).

¶ 14 The Sentencing Guidelines suggest that for this Appellant, given his prior record score of zero, a standard range sentence for the corruption of minors offense is restorative sanctions ("RS") to nine months. 42 PA. CONS. STAT. ANN. § 9721. As this offense is graded a misdemeanor of the first degree, the statutory maximum sentence is sixty months. 18 PA. CONS. STAT. ANN. § 1104. The standard range sentence for the indecent assault offenses, again for this Appellant, is RS to three months. 42 PA. CONS. STAT. ANN. § 9721. As these offenses are each graded a misdemeanor of the second degree, the statutory maximum sentence for each is twenty-four months. 18 PA. CONS. STAT. ANN. § 1104.

¶ 15 Consideration of Appellant's lack of prior criminal record is already accounted for in the sentencing guidelines by the determination of his prior record score. *Commonwealth v. Celestin,* 825 A.2d 670 (Pa.Super.2003); *Commonwealth v. Moore,* 420 Pa.Super. 484, 617 A.2d 8 (1992). Furthermore, we note that the sentencing court took into consideration a pre-sentence investigative report, which included a psychological examination, a physical examination of the victim, Appellant's own sentencing memorandum, a number of character letters, a victim impact statement, statements from both the Appellant's and the Commonwealth's attorneys, Appellant's plea of allocution, and the sentencing guidelines. Additionally, the trial court noted that its sentencing scheme also reflected the Appellant's conduct and lack of significant remorse or regret. Specifically, the trial court focused on the psychologist's report that the Appellant "appears quite resistant to identify and recognize the consequences of his behavior ... [and] [t]herefore lacks the tools of insight to prevent himself from repeating his sex crime."

¶ 16 Upon its consideration of all the above information, the trial court determined that Appellant was in need of long term counseling and state supervision. As a result, he was sentenced to nine to sixty months incarceration on the corruption of minors offense; three to twenty-four months incarceration on one of the indecent assault offense; and three to twelve

months incarceration on the remaining indecent assault offense. The trial judge's sentencing scheme provided the Appellant with the opportunity for long term counseling and a long period of supervision to protect the public. As such, the sentence imposed was neither excessive nor so manifestly unreasonable so as to constitute an abuse of discretion requiring reversal.

¶ 17 Appellant's remaining issue is that the trial court erred in refusing to allow Appellant to present evidence regarding the policies of the PBPP. Appellant's Brief at 18. The trial court held such evidence to be irrelevant for purposes of sentencing and that any issue regarding parole is not ripe for review until Appellant has served his minimum sentence or is otherwise eligible for parole consideration. We agree. Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused is discretion. *Commonwealth v. Drumheller*, 570 Pa. 117, 808 A.2d 893 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003). Relevant evidence is any evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa.R.E., Rule 401, 42 PA. CONS. STAT. ANN.

¶ 18 As aforesaid, the decision of whether to grant parole to a particular inmate is within the exclusive authority of the PBPP when the maximum sentence imposed is two years or greater. 61 P.S. § 331.17; *Commonwealth v. Camps*, 772 A.2d 70, 74 (Pa.Super.2001). A sentencing judge has no way of knowing, and no authority over, if or when a particular offender will be granted parole by the PBPP. The trial court correctly concluded that an analysis of the anticipated decision of the PBPP regarding the Appellant's parole date

would have been based upon pure speculation. It must be remembered that the trial court intentionally provided a sentence that left the discretion for parole in the PBPP, regardless of whether the release would be the expiration of the minimum sentence or a later date to be established by the PBPP. Upon finding the necessity of a state sentence, the trial court's sole responsibility was to set the date the Appellant becomes eligible for parole, not to engage in a guessing game which tracks the oftentimes changing policies of the PBPP. Therefore the evidence proffered did not make Appellant's potential date of parole any more or less probable and was therefore irrelevant to the sentencing judge's consideration. Pa.R.E., Rule 401, 42 PA. CONS. STAT. ANN.

¶ 19 Accordingly, we find that the sentence imposed falls within the statutory sentencing guidelines and maximum limits and is not manifestly excessive. Therefore, the judgment of sentence is affirmed.

¶ 20 Judgment of sentence affirmed.

¶ 21 Judge BENDER files a dissenting opinion.

BENDER, J.

¶ 1 I respectfully dissent.

¶ 2 Appellant asserted in a post-sentencing motion that his sentence was excessive. Under Pennsylvania's sentencing scheme, which requires the imposition of a minimum and a maximum term of incarceration, Appellant was sentenced to 15 to 96 months' incarceration. Appellant did not contend that the 15 month minimum sentence was excessive, but did contend that the 96 month maximum sentence was. Pennsylvania, of course, is an indeterminate sentencing state, meaning that a convicted individual is sentenced to a range of imprisonment, not a definite term, and that the ultimate date of discharge from

prison, and thus the ultimate length of the prisoner's sentence, is determined by the Pennsylvania State Board of Probation and Parole. Although, in setting forth the potential range of punishment, judges are required only to impose a maximum sentence twice that of the minimum sentence,[3] there is no barrier—other than the statutory maximum sentence—to imposing a maximum term greatly exceeding twice the minimum sentence. Here, the court imposed a maximum sentence more than six times greater than the minimum sentence. This decision led Appellant to file a motion to modify the sentence and a claim that the sentence was excessive, particularly given Appellant's belief that prevailing practices of the Pennsylvania Board of Probation and Parole would relegate him to serving most, if not all, of the maximum sentence.

¶ 3 Since the focus of Appellant's motion/claim was upon the maximum portion of the sentence, Appellant sought to adduce evidence regarding the Parole Board's history with respect to paroling prisoners convicted of sexual offenses to bolster his premise that he would very likely serve the overwhelming majority of the maximum sentence imposed upon him. The trial court denied the request concluding that evidence of the parole policies of the Pennsylvania Board of Probation and Parole "was not relevant." Trial Court Opinion (T.C.O.), 6/10/04, at 2. Referring to this denial, Appellant asserts: "It is respectfully submitted that nothing could be

more relevant than the likely period of time a defendant will spend behind bars in a state which adheres to an indeterminate sentencing scheme." Appellant's Brief at 18. Although I am not certain that effective appellate review of claims asserting that a sentence is excessive requires an evidentiary hearing, nevertheless, I must state my general agreement with Appellant's statement.

¶ 4 It is well established that a claim that a sentence is excessive is cognizable before this Court. Indeed, such claims have been found meritorious for more than twenty years,[4] and several recent cases have found this Court vacating sentences imposed by the trial court for excessiveness. While there are many interests at work, and factors to be considered, in imposing a sentence, from one perspective, in attempting to determine whether the sentence imposed is excessive, this Court essentially endeavors to determine whether the "punishment fits the crime." If, after giving due deference to the sentencing court, the punishment imposed for a criminal transgression appears to a panel of judges to be excessive in light of the criminal activity undertaken, or if the interest cited for justifying the imposition of a sentence does not appear to require the imposition of a sentence as lengthy as the one under consideration, the appeals court vacates the sentence as excessive. The question the present case brings squarely into focus is whether, in conducting an exces-

---

3. The applicable section of the Sentencing Code actually requires imposition of a minimum sentence that does not exceed one-half of the maximum. 42 Pa.C.S. § 9756(b). Viewed conversely, and considering that the sentencing guidelines are used as a starting point for determining the minimum sentence, *Commonwealth v. Szarko*, 420 Pa.Super. 153, 616 A.2d 26, 27 (1992); Commonwealth of Pennsylvania Commission on Sentencing, Sentencing Guidelines Implementation Manu-

al 5th Ed.1997, at § 303.9(a), p. 147, it might be more accurate to assert that the section requires a maximum that is at least twice the minimum.

4. *See Commonwealth v. Kittrell*, 285 Pa.Super. 464, 427 A.2d 1380 (1981); *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985); *Commonwealth v. Simpson*, 353 Pa.Super. 474, 510 A.2d 760 (1986).

siveness review, our focus should be upon the minimum or the maximum sentence imposed?

¶ 5 As mentioned above, under our sentencing scheme, the sentencing court is obligated to impose a sentence containing a minimum period of incarceration and a maximum. 42 Pa.C.S. § 9756(b). Since under Pennsylvania law, a prisoner may not be paroled prior to the expiration of his/her minimum sentence,[5] the "minimum sentence" is a true minimum sentence. However, true to the term indeterminate sentencing, the maximum sentence does not necessarily mean that the prisoner will be imprisoned for the entire length of his maximum sentence. Rather, the actual length of his sentence depends upon the Pennsylvania Board of Probation and Parole.[6] How does the indeterminate nature of the sentence impact a review for excessiveness? Perhaps, to answer this question, it would be beneficial to review certain passages from our caselaw for a perspective on a prisoner's expectations for release prior to the expiration of his maximum term.

¶ 6 In *Commonwealth v. Reefer*, 816 A.2d 1136, 1139 n. 2 (Pa.Super.2003), we stated:

> Under our parole system, the expiration of the minimum sentence merely allows a prisoner to be considered for parole. *See Rogers v. Pennsylvania Board of Probation and Parole*, 555 Pa. 285, 724 A.2d 319, 321 n. 2 (Pa.1999) (citations omitted). A prisoner otherwise has no entitlement to parole. *See id.* Parole, under these circumstances, is a matter

of legislative grace vested in the discretion of the Parole Board.

The Commonwealth Court, which deals with parole matters far more frequently than does this Court, has similarly stated:

> parole is nothing more than a possibility, and if granted, it merely constitutes a favor given by the state, as a matter of grace and mercy, to a prisoner who has demonstrated a probability of his or her ability to function as a law-abiding citizen in society.

*Mickens–Thomas v. Board of Probation & Parole*, 699 A.2d 792, 796 (Pa.Cmwlth. 1997).

¶ 7 Beyond the fact that release prior to the expiration of the maximum term is a matter of grace, in the case of certain specified violent crimes there is the added impetus of conditioned financial grants militating against early release. As pointed out in *Commonwealth v. Boyer*, 856 A.2d 149 (Pa.Super.2004), through the coercive power of conditioning federal grants to the mandate that prisoners convicted of certain crimes serve a specified percentage of their maximum term, an individual convicted of a qualifying crime[7] in Pennsylvania can expect to serve, on average, 85% of their full sentence.

¶ 8 Consider what the two passages quoted above, in combination with the truth-in-sentencing mandates, indicate. Based upon the above quoted passages, a convicted individual given a sentence of total confinement in a state institution should, in essence, expect to serve the entire sentence, not just the minimum sen-

---

**5.** *See Rogers v. Pa. Bd. Of Prob. And Parole*, 555 Pa. 285, 724 A.2d 319 n. 2 321 (1999).

**6.** Notably, the decision to parole a prisoner upon expiration of the minimum sentence, or any time thereafter to the expiration of the maximum term, is solely within the discretion of the Pennsylvania Board of Probation and

Parole and is not subject to judicial review. *Rogers, supra.*

**7.** The crimes subject to the federal truth-in-sentencing grants are murder and non-negligent manslaughter, forcible rape, robbery, and aggravated assault.

tence, unless the Board of Parole and Probation decides, as a matter of grace and mercy, to release him/her early. If the individual is serving a sentence for a qualifying violent crime, the individual has no real expectation of being released prior to serving 85% of his maximum sentence.

¶ 9 In my opinion, given the legal environment set forth above, if we are to conduct a meaningful review of excessiveness claims, it is incumbent upon us to view the whole sentence, i.e., the maximum sentence, and not just the minimum sentence. To view only the minimum sentences is to entertain a fiction and disregard reality.

¶ 10 The situation becomes more imperative in cases like the present one, where the maximum sentence is not merely double the minimum sentence, as the statute requires, but, rather, is much more. Here, by focusing upon the minimum sentence imposed, the sentencing court asserts that the sentences imposed were in the standard range. T.C.O. at 2. It is true that the minimum sentence imposed falls within the standard range of the sentencing guidelines.[8] However, Appellant's maximum sentence is six and-one-half times the minimum and a mere twelve months shy of the statutory maximum. If Appellant indeed serves most of the maximum sentence, as he contends he is likely to do, how can it be asserted that he has received a standard range sentence? Certainly his real life experience will not be consistent with the imposition of a standard range sentence but more that of receiving the statu-

tory maximum. By imposing minimum sentences at the top of the standard range, but maximums at the statutory maximum, the court creates an impression that Appellant has not been sentenced in severe fashion. This is fine as long as Appellant serves a sentence near the minimum. However, if Appellant indeed serves most or all of the maximum sentence, focusing upon the minimum sentence, while reviewing Appellant's claim of excessiveness, is misleading.

¶ 11 Additionally, unless we are willing to focus upon the maximum sentence instead of the minimum sentence, if the prisoner will be required to serve most or all of the sentence, a sentencing court can do an end run around our normal excessiveness review by imposing standard range minimums while imposing statutory maximums. Consider the present case, had the trial court imposed a minimum sentence of one-half the maximum, as we most often see, and had this Court adhered to its precedent regarding review of excessiveness claims, I dare say this Court would have stood ready to vacate Appellant's sentence. Such a sentence would have represented a minimum sentence of more than three times the standard range.[9] In light of relevant precedent,[10] the sentencing court would have been required to explain why this particular set of crimes differs from the common occurrence of these crimes so as to justify the imposition of much greater punishment, and/or demonstrate that some aspect of Appellant's

---

8. As indicated in footnote 1, the sentencing guidelines provide a suggested range for the minimum sentence.

9. Moreover, this assessment is based upon a calculation taking the highest value in the standard range. If one starts at a point midway through the standard range, the deviation is much greater. An aggregate mid-way standard range sentence would be seven and one-half months' imprisonment. Thus, Appel-

lant's maximum sentence comes in at more than twelve times the mid-range standard range sentence.

10. See, e.g., Commonwealth v. Vega, 850 A.2d 1277 (Pa.Super.2004); Commonwealth v. Caraballo, 848 A.2d 1018 (Pa.Super.2004); Commonwealth v. Walls, 846 A.2d 152 (Pa.Super.2004).

character or history justified such a radical departure from the guidelines. Undoubtedly, such a departure from the guidelines would have been greeted with much circumspection. However, if we focus only upon the minimum sentence imposed, we will be obligated to conclude that the sentence is fair and not excessive. Of course, if Appellant does serve the maximum, or most of it, the court will have effectively sentenced Appellant to 89% of the statutory maximum (or close to it) and the sentence will escape meaningful appellate review.

¶ 12 This brings us back to Appellant's request for a hearing to adduce evidence of the parole practices of the Pennsylvania State Board of Probation and Parole. Unless we are prepared to review Appellant's claim of excessiveness based upon the maximum sentence imposed, I cannot understand how the information Appellant desires to provide the court can be deemed "irrelevant." As Appellant contends, nothing can be more relevant to an analysis of the propriety of the length of a sentence than the actual time the prisoner will spend in jail. Reviewing Appellant's claim of excessiveness against the minimum sentence imposed would be ignorant of reality at best and be misleading or deceptive at worst. I can see no way in which a review based upon a faulty premise can give due regard to Appellant's rights or advance the interests of justice.

¶ 13 Nevertheless, I do not think that it is completely necessary to grant anyone challenging a sentence for excessiveness a hearing to adduce evidence relating to the parole practices of the Pennsylvania Board of Probation and Parole. Rather, I believe it would be more efficient to simply alter our focus, when reviewing the length of sentences, from minimum sentences to maximum sentences. Afterall, if "early" release is not an expectation but an exten-

sion of grace, then, from an academic viewpoint, focusing upon maximum sentences is a more truthful and accurate endeavor. We could also take comfort in the knowledge that if a prisoner is actually granted early release, it is the result of an evaluation by a neutral body that finds such a release in the best interests of the Commonwealth's citizens. Meanwhile, our attention could then be focused upon whether the circumstances of the particular case justified the possible detention for the maximum sentence imposed.

¶ 14 Upon this standard, I believe that Appellant's sentence is indeed excessive. In my opinion, there is no rationale set forth in the record that would support the imposition of a virtual statutory maximum sentence. As such, I believe the sentence should be vacated and the matter remanded for resentencing. To the extent this Court is unwilling to focus upon maximum sentences in the abstract when conducting an excessiveness review, then I believe the sentence should be vacated and the matter remanded so that Appellant is provided the hearing he sought. After Appellant has an opportunity to demonstrate the percentage of his maximum term he is likely to serve, an excessiveness review could then follow based upon a more realistic view of the time Appellant will actually spend in prison.

¶ 15 For the above reasons, I dissent.