J-S82020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KURT HOLLOWAY | : | |
| | : | |
| Appellant | : | No. 1579 EDA 2018 |

Appeal from the Judgment of Sentence April 27, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0001877-2017

BEFORE:    LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                **FILED FEBRUARY 08, 2019**

Appellant, Kurt Holloway, appeals from the judgment of sentence entered on April 27, 2018.  We affirm.

The trial court ably summarized the facts and procedural posture of this appeal:

> On July 13, 2017, Appellant [pleaded] guilty to one count of retail theft. . . .  [The trial court sentenced him to serve a term of three years of probation.].  As [a] special condition[] of his probation he was ordered, [among other things, to] continue residence at Last Stop Recovery House. . . .
>
> Shortly after being [placed on probation,] Appellant left the court-ordered recovery house without permission or notice.  He incurred a new arrest in Bucks County on September 1, 2017, and a second arrest in Montgomery County on September 13, 2017.  Appellant's arrest in Bucks County was for a retail theft of powder infant formula from a Wegman's Store.  His arrest in Montgomery County was for possession of a controlled substance and drug paraphernalia.  He was taken into custody and detained at the Bucks County

_____

\*   Retired Senior Judge assigned to the Superior Court.

Correctional Facility [("BCCF")] after the Montgomery County arrest.

While in BCCF, Appellant incurred six misconducts. . . .

Trial Court Opinion, 7/24/18, at 1-3 (internal footnotes and some internal capitalization omitted).

On April 27, 2018, the trial court held a violation of probation hearing. The trial court found Appellant in violation of his probation and the trial court then resentenced Appellant to serve a term of one to three years in prison for the underlying retail theft conviction.[1]   N.T. Revocation and Resentencing Hearing, 4/27/18, at 28-31.

Appellant filed a timely notice of appeal.  He raises one claim to this Court:

> Did the trial court abuse its discretion by imposing a sentence that was excessive in that it exceeds what is necessary to protect the public and rehabilitate Appellant?

Appellant's Brief at 5 (some internal capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. **See Commonwealth v. Lee**, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence).  We note that, in an appeal following the revocation of probation, our scope of review includes discretionary aspects of sentencing claims.  **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*).  With respect to our standard of review, we have held

---

[1] 18 Pa.C.S.A. § 3929(a)(1).

that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Cartrette*, 83 A.3d at 1042 ("issues challenging the discretionary aspects of a sentence [following the revocation of probation] must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived"); *Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the

discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a [motion to modify] sentence").

Appellant did not challenge the discretionary aspects of his sentence at the resentencing hearing and Appellant did not file a motion to modify his sentence. *See* N.T. Revocation and Resentencing Hearing, 4/27/18, at 1-32; Pa.R.Crim.P. 708(E). Therefore, Appellant waived his discretionary aspects of sentencing claim. *Cartrette*, 83 A.3d at 1042.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/8/19