J-S10009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARNELL WINGFIELD :
:
Appellant : No. 1567 EDA 2018

Appeal from the Judgment of Sentence April 12, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004645-2013

BEFORE:   GANTMAN, P.J.E., STABILE, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                       **FILED MARCH 22, 2019**

Appellant, Darnell Wingfield, appeals from the judgment of sentence of seven and one-half to fifteen years of confinement followed by five years of probation, which was imposed upon resentencing, after his jury trial conviction for two counts of robbery and one count each of possessing instruments of crime (PIC) and firearms not to be carried without a license.[1]  We affirm.

The underlying facts in this case were set forth in our prior decision in this matter. ***Commonwealth v. Wingfield***, No. 2017 EDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed Sept. 28, 2015)   (affirming judgment of sentence on direct appeal).

On December 6, 2013, at the conclusion of a three-day jury trial, Appellant was found guilty of the aforementioned charges.  The trial court

_____

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 907(a), and 6106(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

sentenced Appellant on February 12, 2014 to concurrent terms of seven and one-half to fifteen years of imprisonment on the robbery charges, followed by five years of probation on the firearms charge. No further sentence was imposed with respect to the PIC charge. Appellant appealed the original judgment of sentence to this Court, arguing that the conviction was against the weight of the evidence. This Court affirmed Appellant's conviction on September 28, 2015.

On September 12, 2016, Appellant filed a *pro se* petition under the Post-Conviction Relief Act (PCRA).[2] Appellant's court-appointed counsel later amended the PCRA petition to argue that Appellant's trial and appellate counsel provided ineffective assistance because they failed to raise the issue of whether the seven and one-half to fifteen years sentences on the robbery charges included a mandatory minimum based on facts not found beyond a reasonable doubt by a jury in violation of *Alleyne v. United States*, 570 U.S. 99 (2013). On January 16, 2018, the PCRA court granted the petition and ordered that Appellant be resentenced.

Following a hearing on April 12, 2018, the sentencing court[3] resentenced Appellant to the identical punishment as in his original sentence.[4] Appellant

_____

[2] 42 Pa.C.S. §§ 9541-9546.

[3] We refer to the lower court as the "sentencing court" in this memorandum decision with respect to its role in the April 12, 2018 resentencing of Appellant.

[4] Though Appellant's new sentence is identical to the one originally imposed, the sentencing court explained at the April 12, 2018 hearing that his new

moved for reconsideration of the sentence, which the sentencing court denied on April 25, 2018. Appellant then filed a timely appeal of the April 12, 2018 judgment of sentence.[5]

Appellant presents one issue for this Court's consideration:

Did the [sentencing court] abuse its discretion in re-sentencing [Appellant] to the exact same sentence that was originally imposed, which had been vacated because it had not met constitutional norms?

Appellant's Brief at 3.

Appellant's argument on appeal relates to the discretionary aspect of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa. Super. 2005) (claim that trial court imposed an excessive sentence is a challenge to the discretionary aspects of a sentence). A defendant does not have an automatic right of appeal of the discretionary aspects of a sentence and instead must petition this Court for allowance of appeal, which "may be granted at the

_____

sentence was not imposed pursuant to a mandatory minimum statute. N.T., 4/12/18, at 29; *see also* Sentencing Court Opinion, 6/21/18, at 2. Because Appellant's new sentence does not include a mandatory minimum, *Alleyne* is no longer implicated. *Alleyne*, 570 U.S. at 116-17 (noting that ruling only applies to facts that increase mandatory minimum sentences and does not limit broad discretion of judges to select a sentence within the range authorized by law). We further note that Appellant's new sentence of seven and one-half to fifteen years of confinement on the robbery counts falls below the statutory maximum for a felony of the first degree. 18 Pa.C.S. § 1103(1) (maximum sentence for felony of the first degree is twenty years of imprisonment); 18 Pa.C.S. § 3701(b) (robbery offense under 18 Pa.C.S. § 3701(a)(1)(ii) is graded as a felony of the first degree).

[5] Appellant filed his statement of matters complained of on appeal on June 18, 2018, and the sentencing court filed its Rule 1925(b) opinion on June 21, 2018.

discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. 42 Pa.C.S. § 9781(b); *see also Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018).

Prior to reaching the merits of a discretionary sentencing issue, we must engage in a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his [] issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [pursuant to Pa.R.A.P. 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is [not] appropriate under the [S]entencing [C]ode.

*Williams*, 198 A.3d at 1186 (citation omitted).

In this matter, Appellant filed a timely notice of appeal and preserved his appellate issue in a post-sentence motion. The Commonwealth argues, however, that Appellant failed to include a separate Rule 2119(f) statement in his brief and therefore his claim is unreviewable on appeal. Commonwealth's Brief at 6-7.

We agree with the Commonwealth that Appellant has failed to satisfy Rule 2119(f). This rule requires that an appellant challenging the discretionary aspect of a sentence include a separate section in his brief, immediately preceding the argument section, setting forth "a concise statement of the reasons relied upon for allowance of appeal." Pa.R.A.P. 2119(f). As this Court has explained:

> [A] party appealing from the discretionary aspects of sentence [must] articulate the manner in which the sentence violates either a particular provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. … Thus, the Rule 2119(f) statement must specify where the sentence falls in relation to the sentencing guidelines and what particular provision of the Code is violated (*e.g.,* the sentence is outside the guidelines and the court did not offer any reasons either on the record or in writing, or double-counted factors already considered). Similarly, the Rule 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates that norm (*e.g.,* the sentence is unreasonable or the result of prejudice because it is 500 percent greater than the extreme end of the aggravated range). If the Rule 2119(f) statement meets these requirements, we can decide whether a substantial question exists.

***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*) (italics in original). Failure to include a Rule 2119(f) statement results in waiver of a discretionary sentencing claim where, as here, the opposing party objects to the statement's absence. ***Commonwealth v. Griffin***, 149 A.3d 349, 353 (Pa. Super. 2016).

A thorough review of Appellant's brief demonstrates that he has failed to include a separate section in his brief in which he states the reasons relied upon for the allowance of appeal pursuant to Rule 2119(f). Furthermore, nowhere in Appellant's brief does he cite to Rule 2119(f) or attempt to identify what specific provision of the Sentencing Code or what fundamental norm underlying the sentencing scheme that the sentencing court violated. In addition, Appellant fails to cite to any supporting authority to substantiate his claim that his sentence was excessive. Accordingly, Appellant's discretionary sentencing argument, the sole issue he seeks to raise on appeal, is waived.

*See Griffin*, 149 A.3d 349 at 353-54 (holding that challenge to discretionary aspect of sentence was waived where the appellant did not include a separate Rule 2119(f) statement in his appellate brief); *Commonwealth v. McNear*, 852 A.2d 401, 408 (Pa. Super. 2004) (holding that challenge to discretionary aspect of sentence was waived where the appellant did not include a separate Rule 2119(f) statement in his brief and failed to cite any supporting authority for argument that sentence was excessive).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19