J-S28028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHAN HOYE | : | |
| | : | |
| Appellant | : | No. 145 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 14, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004077-2018

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.: **FILED: November 1, 2023**

Appellant, Nathan Hoye, appeals from the judgment of sentence entered on July 14, 2022, following his convictions for aggravated assault and assault by prisoner.[1] We affirm.

In this matter, this Court previously stated:

The relevant factual and procedural history can be summarized as follows. [Appellant] was incarcerated in Allegheny County Jail in January 2018, and one evening, he threatened to harm himself. Corrections officers put him in a suicide gown and placed him in a processing cell.

Officers ordered [Appellant] to submit to handcuffing, but he refused. Instead, [Appellant], an HIV-positive inmate,[2] reached

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(3) and 2703(a), respectively.

[2] "HIV-positive" refers to the bodily presence of human immunodeficiency virus, the virus that causes acquired immune deficiency syndrome or "AIDS." Merriam-Webster Collegiate Dictionary, Eleventh Edition, 2008.

into his toilet and threw urine on one of the officers, striking him in the upper torso and head. The officer was transported to the emergency department at UPMC Mercy for treatment. The Commonwealth charged [Appellant] with, among other crimes, aggravated assault and assault by prisoner. He later pleaded guilty to these two offenses. The court imposed a consecutive 40-to-80-month sentence on each count, for an aggregate sentence of 80 to 160 months of imprisonment. The sentence imposed on each count was above the aggravated range.

[Appellant] filed a direct appeal of his sentence. This Court vacated the judgment of sentence and remanded for resentencing because the lower court failed to determine [Appellant's] eligibility under the Recidivism Risk Reduction Incentive ("RRRI") Act.[3] The sentencing court held a resentencing hearing and determined [Appellant] was RRRI ineligible. Relying on its prior reasoning, it reimposed the same sentence. [Appellant] filed a post-sentence motion, which the court denied. [Appellant] then timely appealed; both he and the trial court complied with Pa.R.A.P. 1925.

*Commonwealth v. Hoye*, 279 A.3d 1238 (Pa. Super. 2022) (unpublished memorandum) at *1.

On appeal, this Court's review of "the record disclose[d] that the sentencing court did not provide the reasons for its decision to sentence [Appellant] above the aggravated range of the sentencing guidelines." *Id.* at *3. We explained that "when the sentencing court imposes a sentence outside the sentencing guidelines, it must set forth on the record, and in the defendant's presence, the permissible range of sentences under the guidelines [and] must also give the factual basis and specific reasons which compelled it to deviate from the sentencing guidelines." *Id.* Because the sentencing court

---

[3] *See Commonwealth v. Hoye*, 249 A.3d 1157 (Pa. Super. 2021) (unpublished memorandum). Appellant also challenged the discretionary aspects of his sentence. But, given our disposition, we concluded this second issue was moot, and we therefore did not address it. *See id.* at *2 n.4.

failed to do so in this case, in an unpublished memorandum filed on May 6, 2022, a prior panel of this Court found it "necessary that we vacate the judgment of sentence at both counts and remand for resentencing." *Id.*

On July 14, 2022, following remand for the second time, the trial court resentenced Appellant to 27 to 54 months of incarceration for aggravated assault with a consecutive term of 30 to 60 months of incarceration for assault by prisoner and credit for time served. On July 22, 2022, Appellant filed a post-sentence motion seeking modification of his sentence. The trial court denied relief by order entered on January 11, 2023. This timely appeal resulted.[4]

On appeal, Appellant presents the following issue for our review:

Did the [s]entencing [c]ourt abuse its discretion in sentencing [Appellant] to [an aggregate term of] 57 to 114 months of incarceration?

Appellant's Brief at 3.

Appellant asserts that the trial court abused its discretion when sentencing him. *Id.* at 9-21. In sum, Appellant argues that it was unreasonable for the trial court to sentence him to consecutive, aggravated range terms of incarceration without adequately stating its reasons on the record. *Id.* More specifically, Appellant argues that the trial court "solely

---

[4] Appellant filed a notice of appeal on February 1, 2023. On that same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on February 21, 2023. On April 10, 2023, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

sentenced [him] based on the seriousness of the crime[s]" for which he was convicted. *Id.* at 9. Appellant contends the trial court "at no point took into consideration the protection of the public, the gravity of the offense in relation to the impact on the victim and the community, and[/or] the rehabilitative needs of [Appellant], pursuant to 42 Pa.C.S.A. § 9721(b)." *Id.* at 18. Appellant maintains he presented mitigation evidence about his personal progress and improved mental health during his incarceration including, *inter alia*, obtaining his GED, completing anger management classes, maintaining prison employment, not engaging in additional criminal activity, taking his medications, and finding religion. *Id.* at 18-19. Because "the [s]entencing [c]ourt made no statements on the record[,]" Appellant complains that the trial court did not consider mitigation. *Id.* at 9. Accordingly, Appellant argues that he is entitled to resentencing. *Id.* at 21-22.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *see also Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595 (Pa. Super. 2010) (claim that the trial court erred in imposing consecutive sentences is a challenge to the discretionary aspects of a sentence). Appellant, however, does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720 [and 708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007). Here, Appellant preserved the issue by raising it in his post-sentence motion for modification of his sentence, filed a timely notice of appeal and raised the issue in his appellate brief in a separate statement pursuant to Pa.R.A.P. 2119(f). Furthermore, this Court previously determined that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." **Commonwealth v. Swope**, 123 A.3d 333, 339 (Pa. Super. 2015) *citing* **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014); **see also Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). As such, we will review Appellant's sentencing claim.

We adhere to the following standards:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11–12 (Pa. Super. 2007) (internal citations and quotations omitted).

Pursuant to statute,

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.... In every case in which the court imposes a sentence for a felony or misdemeanor ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

Moreover, we have held:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation [(PSI)] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-768 (Pa. Super. 2006) (internal citation omitted).

Finally, we note that "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its

sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Brown***, 249 A.3d 1206, 1212 (Pa. Super. 2021) (internal citation omitted); ***see also*** 42 Pa.C.S.A. § 9721(a). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." ***Id.*** (citation omitted).

Here, the trial court relied upon two PSI reports before rendering its sentencing decision.[5] ***See*** Trial Court Opinion, 4/10/2023, at 12; ***see also*** N.T., 7/14/2022 at 2. As such, we presume that the trial court was aware of, and considered, accurate and relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors when sentencing him. Moreover, upon our review of the sentencing transcript, we discern no abuse of discretion. The trial court carefully detailed Appellant's criminal history beginning when he was adjudicated as a juvenile at the age of 17 until the time of sentencing when Appellant was 29 years old. N.T., 7/14/2022 at 6-9. Appellant has been in jail since May 2013. ***Id***. at 6. Appellant was released on probation twice and each time Appellant failed to comply with supervision and committed new criminal offenses. ***Id.*** at 6-7. Moreover, in December 2013, Appellant absconded from the Renewal Center. ***Id.*** at 7. He was later arrested, convicted of new crimes, and sentenced to incarceration. While incarcerated for absconding, Appellant sent nine letters

---

[5] Appellant did not object to the contents of the PSI reports or otherwise advance amendments or corrections. N.T., 7/14/2022 at 3.

to the judge who convicted him, threatening to kill her and her family, and also assaulted a prison guard, stabbing him in the hand and threatening to kill him. *Id.* Appellant was convicted and sentenced for offenses related to those events and while serving that sentence, Appellant committed the crimes at issue against another prison guard. *Id.* at 8-9. The sentencing court also noted that, while incarcerated, Appellant spent periods of time at Torrence Hospital where he assaulted another patient and threatened staff and other patients with physical violence and urine and feces. *Id.* at 8. The trial court further acknowledged that Appellant "had a horrendous childhood" and that Appellant was "also a victim." *Id.* Ultimately, however, the trial court determined that Appellant was "a danger to society [as] proven through [his] actions." *Id.* The trial court noted that Appellant's incarceration and probation were "dismal failure[s]" because he did not comply with supervision and continued to commit new crimes. *Id.* As such, the trial court considered Appellant's prior criminal record, age, personal characteristics, and potential for rehabilitation and implicitly determined that Appellant was not amenable to treatment. Thereafter, the trial court declined to impose sentences outside of the aggravated range of the sentencing guidelines and concluded that aggravated-range, consecutive sentences were warranted. *Id.* We will not disturb the consecutive nature of the two sentences because the aggregate sentence of 57 to 114 months of imprisonment is not grossly disparate to the Appellant's conduct and does not viscerally appear as patently unreasonable.

For all of the foregoing reasons, Appellant is not entitled to relief on his sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/01/2023</u>