J-S28005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ECKERT, III | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 13, 2022
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0001196-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:       **FILED: NOVEMBER 20, 2023**

John Eckert, III appeals from the judgment of sentence entered following his open guilty plea to ten counts of possession of child pornography. On appeal, Eckert challenges the discretionary aspects of his sentence, specifically, that his sentences were imposed to run consecutively to each other. After careful review, we affirm.

In 2021, Eckert was charged with thirty-five counts of possession of child pornography and five counts of criminal use of a communication facility. Eckert pleaded guilty to ten counts of possession of child pornography graded as a second-degree felony and the remaining charges were dismissed. On October 13, 2022, Eckert was sentenced to one to four years' incarceration on

_____

[*] Former Justice specially assigned to the Superior Court.

each of the ten charges with the sentences on counts one through four to run consecutively to each other and the remaining sentences to run concurrently.

Before addressing the merits of the appeal, we must consider whether the appeal is timely filed. **See** Pa.R.A.P. 105(b). Eckert filed a notice of appeal to this Court on November 22, 2022. Eckert noted he was appealing from the sentence of October 13, 2022, and the denial of reconsideration of sentence of October 25, 2022. **See** Notice of Appeal. The trial court docket does not reflect a motion for reconsideration of sentence was ever filed however it does indicate that one was denied on October 25, 2022. **See** Docket, at 16. The trial court indicates that argument was heard on Eckert's post-sentence motion on the same day the order denying the motion was entered. **See** Trial Court Opinion, 1/10/23 at 2.

This Court issued a rule to show cause directing Eckert to address why the appeal should not be quashed as untimely as there is no motion for reconsideration in the record. **See** Order, 1/20/23. Eckert's counsel, newly appointed on appeal, noted that the post-sentence motions were denied on October 25, and the deadline for appeal was thirty days beyond that date. **See** Response to Rule to Show Cause, 1/25/23. The issue was deferred to this panel for analysis.

We note that post-sentence motions must be filed within ten days of the imposition of sentence. **See** Pa.R.Crim.P. 720(A)(1). If a post-sentence motion is filed, a notice of appeal must be filed within thirty days of the resolution of the motion. **See** Pa.R.Crim.P. 720(A)(2).

Here, new counsel entered his appearance on behalf of Eckert on November 8, 2022. Counsel relied on the docket entry indicating that post-sentence motions were denied on October 25, 2022, and filed a notice of appeal within 30 days of that date. Rather than remand to the trial court to clarify what happened, we conclude that, at the very least, a breakdown in court operations occurred. Under these circumstances, counsel was entitled to rely on the official docket entries which indicated that timely post-sentence motions had been explicitly denied. As such, we will address the merits of the appeal.

Eckert raises one claim on appeal, challenging the discretionary aspects of his sentence. *See* Appellant's Brief at 21. Eckert has no absolute right to challenge the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408, 411 (Pa. Super. 2005). He is required to make a statement in his brief of the reasons we should allow an appeal of the discretionary aspects of his sentence. *See id*. He must also show that a substantial question exists as to whether the sentence complies with the Sentencing Code. *See id*.

Eckert has complied with these requirements. He included his statement for reasons to allow an appeal challenging the discretionary aspects of sentencing in his brief pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief, at 32-33. Eckert claims that the consecutive nature of his sentence is unreasonable as the aggregate sentence is excessive given the totality of the circumstances surrounding his crimes. *See id*. at 39. This claim constitutes a substantial question. *See Commonwealth v. Dodge*, 77 A.3d 1263, 1273

(Pa. Super. 2013). We therefore turn to the merits of Eckert's sentencing claim.

The details of a sentence are left to the discretion of the sentencing judge, and we will only disturb them if we find an abuse of discretion. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 163 (Pa. Super. 2007). When reviewing a sentence, we will vacate when we find the sentencing guidelines were applied incorrectly, adhering to the sentencing guidelines is unreasonable for the case, or a sentence outside the guidelines is unreasonable. ***See Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012). When fashioning a sentence, a trial court must consider the character of the defendant and the specific circumstances of the offenses which includes considering prior record score, age, and rehabilitative potential. ***See Commonwealth v. Bowens***, 265 A.3d 730, 764 (Pa. Super. 2021).

The basis of Eckert's argument is that the trial court did not articulate reasons on the record why Eckert's sentences were ordered to run consecutively, implying that his crimes were worse than similar crimes committed by similarly situated defendants. ***See*** Appellant's Brief at 49. Eckert does not provide any citations to cases where defendants charged and convicted with similar crimes were given concurrent sentences. A pre-sentence investigation was conducted and Eckert submitted a sentencing memorandum including many character references. At sentencing Eckert's daughters and wife spoke on his behalf, and Eckert spoke in allocution. ***See*** N.T., 10/13/22 at 3, 9-22. Further, Eckert's counsel provided a recitation of

- 4 -

his rehabilitative attempts since his arrest. **See id**. at 23-29. The Commonwealth argued at sentencing that the decision to withdraw 30 charges against Eckert in exchange for his guilty plea was, in itself, consideration for Eckert acknowledging his responsibility. **See id**. at 30-31. The trial court stated that the maximum sentence for each of the ten counts was five to ten years' incarceration. **See id**. at 35. The trial court considered this information along with the contents of the criminal complaint in fashioning a guideline sentence. **See id**. at 36.

Eckert complains the record lacks specific reasons for his sentence. **See** Appellant's Brief at 51. In fact, it is well established that the sentencing court can meet its requirement to state the reasons for sentence simply by indicating that it has considered the pre-sentence report. **See Commonwealth v. Goodco Mechanical, Inc.**, 291 A.3d 378, 407 (Pa. Super. 2023). The mere fact that the sentencing judge reviewed a pre-sentence report creates a presumption that the sentencing judge meaningfully weighed the sentencing factors and we will not find an abuse of discretion. **See id**. Given the evidence presented at the hearing, and the court's review of the PSI, we find no abuse of discretion in the consecutive nature of the sentence imposed.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>11/20/2023</u>