J-S08037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AARON WYATT | : | |
| | : | |
| Appellant | : | No. 2206 EDA 2018 |

Appeal from the PCRA Order Entered July 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013003-2015

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED MARCH 05, 2019**

Appellant, Aaron Wyatt, appeals from the July 9, 2018, order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: On October 8, 2015, Appellant and a cohort robbed a female, and during the robbery, Appellant struck the female's head with a gun. Following his arrest, on April 5, 2016, Appellant, who was represented by counsel, proceeded to a hearing. During the hearing, Appellant entered an open guilty plea to the charges of aggravated assault, robbery, conspiracy, firearms not to be carried without a license, and possession of a firearm prohibited.

---

\* Former Justice specially assigned to the Superior Court.

On June 29, 2016, Appellant proceeded to a sentencing hearing, at the conclusion of which the trial court imposed an aggregate sentence of five years to ten years in prison, to be followed by twenty years of probation. Appellant filed neither post-sentence motions nor a direct appeal.

On or about February 7, 2017, Appellant filed a timely *pro se* PCRA petition, and the trial court appointed counsel, who filed an amended PCRA petition on January 21, 2018. Thereafter, the PCRA court provided Appellant with notice of its intent to dismiss the petition without an evidentiary hearing, and on July 9, 2018, the PCRA court dismissed the petition. This timely, counseled appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed a responsive opinion.

On appeal, Appellant sets forth the following issues (verbatim):

A. Did the PCRA court err as a matter of law by denying Appellant's PCRA petition without a hearing where the issues alleged, if proven, would have entitled him to relief?

B. Did the PCRA court err as a matter of law by denying Appellant's PCRA petition without a hearing where [Appellant] claimed a manifest injustice has occurred in that his guilty plea was not tendered knowingly, intelligently, voluntarily, or understandably?

C. Did the PCRA court err as a matter of law by denying [Appellant's] PCRA petition without a hearing where his claim of ineffective assistance of counsel for plea counsel's failure to consult with him regarding an appeal contained at least arguable merit?

Appellant's Brief at 4.

Preliminarily, we note that our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted).

Appellant initially contends he was entitled to an evidentiary hearing with regard to his PCRA petition. It is well-settled that a PCRA petitioner is not automatically entitled to an evidentiary hearing on his petition. *See Commonwealth v. Smith*, 121 A.3d 1049 (Pa.Super. 2015). If the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. *Id.* We review the PCRA court's decision to dismiss a petition without a hearing for an abuse of discretion. *Commonwealth v. McGarry*, 172 A.3d 60, 70 (Pa.Super. 2017). With this standard in mind, we proceed to examine Appellant's specific claims.

Appellant claims that he is entitled to an evidentiary hearing on whether the trial court erred in accepting his guilty plea where it was unknowingly, unintelligently, and involuntarily entered. Specifically, Appellant contends that the oral guilty plea colloquy did not sufficiently comply with Pa.R.Crim.P. 590.[1]

_____

[1] As this Court has acknowledged:
> [Rule 590] mandate[s] that pleas be taken in open court, and require[s] the court to conduct an on-the-record colloquy to

- 3 -

"To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence…[t]hat the allegation of error has not been previously litigated or waived."  42 Pa.C.S.A. § 9543(a)(3).  "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."  42 Pa.C.S.A. § 9544(b).

In the case *sub judice*, Appellant failed to challenge the voluntariness of his guilty plea in either a motion in the trial court or in a direct appeal. Therefore, this claim is waived. **See** 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(b); **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa.Super. 2008) (indicating that an appellant must challenge the voluntariness of his guilty plea in the trial court in order to preserve claims related thereto). Consequently, the PCRA

---

ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

**Commonwealth v. Kelley**, 136 A.3d 1007, 1013 (Pa.Super. 2016) (citations omitted).

court did not err in failing to hold an evidentiary hearing with regard to the claim.[2]  *See Smith*, *supra*.

In his final claim, Appellant contends the PCRA court erred in failing to hold an evidentiary hearing as to whether guilty plea counsel was ineffective in failing to consult with Appellant regarding whether he wished to file a direct appeal in order to challenge the excessive nature of his sentence.

> Our standard of review when faced with a claim of ineffective assistance of counsel is well settled.  First, we note that counsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [A]ppellant.
>
> * * *
>
> A petitioner must show (1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.  The failure to prove any one of the three prongs results in the failure of petitioner's claim.

---

[2] Appellant suggests that, due to the deficiencies in the oral colloquy, guilty plea counsel was ineffective in failing to ascertain "whether [Appellant] was entering a knowing and intelligent guilty plea or whether he was entering a plea to the facts as recited by the Commonwealth." Appellant's Brief at 8; PCRA petition filed 1/21/18, at 2.  However, Appellant did not claim that, had counsel ensured the oral colloquy complied with Pa.R.Crim.P. 590, Appellant would have declined to plead guilty and, instead, would have insisted upon going to trial.  As such, Appellant failed to plead the prejudice required to merit PCRA relief, and the PCRA court properly denied this claim without an evidentiary hearing.  *See Commonwealth v. Rivera*, 10 A.3d 1276 (Pa.Super. 2010) (setting forth prongs petitioner must plead and prove in order to establish ineffective assistance of counsel). *See also Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa.Super. 2013) (To establish the prejudice prong of the ineffectiveness test, a PCRA petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and quotation marks omitted)).

***Rivera***, 10 A.3d at 1279 (citations omitted).

> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request.

***Ousley***, 21 A.3d at 1244 (citation and quotation omitted).

In the case *sub judice*, Appellant has not alleged on appeal that he requested guilty plea/sentencing counsel to file a direct appeal and counsel failed to do so. Rather, Appellant contends that guilty plea/sentencing counsel was ineffective in failing to consult with Appellant as to whether he desired to file a direct appeal in order to present Appellant's challenge to the excessive nature of his sentence.

With regard to counsel's duty to consult, this Court has held as follows:

> [Case law] imposes a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the obligation to request an appeal…such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.
>
> * * *
>
> Pursuant to ***Roe***[6] and ***Touw***,[7] counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

---

[6] ***Roe v. Flores–Ortega***, 528 U.S. 470, 120 S.Ct. 1029 (2000).

- 6 -

[7] ***Commonwealth v. Touw***, 781 A.2d 1250 (Pa.Super. 2001).

***Ousley***, 21 A.3d at 1244-45 (footnotes in original) (quotation omitted).

In the case *sub judice*, we may ignore the latter condition because Appellant does not argue that he reasonably demonstrated to counsel that he was interested in appealing. As for the former condition, Appellant suggests that the nonfrivolous issue which he wished to raise on appeal was the excessive nature of his sentence, which is a challenge to the discretionary aspects of his sentence. ***See Commonwealth v. Lee***, 876 A.2d 408 (Pa.Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence).

In order to preserve a challenge to the discretionary aspects of his sentence, Appellant must have been raised the issue at sentencing or in post-sentence motion. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 915 (Pa.Super. 2010) (stating that an appellant waives for appeal issues challenging the discretionary aspects of his sentence where he does not raise them at sentencing or in a post-sentence motion). Here, Appellant did not present his discretionary aspect of sentencing claim in such a manner, and thus, had counsel presented the claim in a direct appeal, it would have been deemed waived.[3] Therefore, as Appellant has not met his burden of demonstrating he was prejudiced by counsel's failure to consult regarding a

---

[3] We note the sentencing court informed Appellant of his post-sentence and appellate rights. N.T., 6/29/16, at 9.

nonfrivolous ground for appeal, we find guilty plea/sentencing counsel was not ineffective. **See Ousley**, **supra**. Consequently, the PCRA court did not err in failing to hold an evidentiary hearing on this claim.

For all of the foregoing reasons, we conclude Appellant is not entitled to PCRA relief, and thus, we affirm.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/5/19