J-S02037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ZAKARIYA HARDING | : | |
| | : | |
| Appellant | : | No. 2809 EDA 2017 |

Appeal from the Judgment of Sentence September 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005254-2015

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                **FILED MARCH 05, 2019**

Appellant, Zakariya Harding, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions for terroristic threats, simple assault, and recklessly endangering another person ("REAP").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 2, 2015, Appellant physically abused his girlfriend.  On July 22, 2016, following a bench trial, the court convicted Appellant of one count each of terroristic threats, simple assault, and REAP.  The court sentenced Appellant on September 22, 2016, to an aggregate term of two and one-half (2½) to seven (7) years' incarceration, plus two (2) years' probation.  On October 6,

_____

[1] 18 Pa.C.S.A. §§ 2706(a)(1), 2701(a), and 2705, respectively.

2016, Appellant filed an untimely post-sentence motion for reconsideration of sentence. In his post-sentence motion, Appellant asserted the sentencing court incorrectly determined Appellant had a twenty-five-year history of violence against women based upon a 1990 rape conviction as a juvenile. Appellant timely filed a notice of appeal on October 22, 2016. On October 27, 2016, the trial court denied Appellant's post-sentence motion. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant failed to comply. Subsequently, this Court dismissed Appellant's appeal on January 17, 2017, for failure to file a docketing statement.

On April 12, 2017, Appellant timely filed a counseled first petition brought under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. The PCRA court granted Appellant relief on August 31, 2017, reinstated his direct appeal rights *nunc pro tunc*, and ordered Appellant to file a Rule 1925(b) statement. Also on August 31, 2017, Appellant timely filed a notice of appeal *nunc pro tunc*. Appellant timely filed on September 18, 2017, a Rule 1925(b) statement in which Appellant asserted one claim: the sentencing court inaccurately considered Appellant to have had a twenty-five-year history of violence against women when it imposed Appellant's sentence.

Appellant raises one issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION IN IMPOSING A TWO TO FIVE YEAR SENTENCE OF INCARCERATION FOR TERRORISTIC THREATS AND FAILED TO CONSIDER [APPELLANT]'S REHABILITATIVE NEEDS?

(Appellant's Brief at 4).

Appellant argues the sentencing court failed to consider his rehabilitative needs when it sentenced Appellant. Appellant contends he has no history of violence, generally, and particularly, no history of violence against women. Appellant asserts his 1990 rape conviction did not stem from rape but from Appellant's theft of clothes from a male victim. Appellant insists the court imposed an excessively unreasonable sentence. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa.Super. 2005) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors implicates discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

"To preserve issues concerning the discretionary aspects of sentencing, a defendant must raise them during sentencing or in **a timely post-sentence motion**." *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa.Super. 2008), *appeal denied*, 600 Pa. 728, 963 A.2d 467 (2008) (emphasis added). "An untimely post-sentence motion does not preserve issues for appeal." *Commonwealth v. Wrecks*, 931 A.2d 717, 719 (Pa.Super. 2007). "[A] written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Pa.R.Crim.P. 720(A)(1).

Additionally, issues not raised in a Rule 1925(b) concise statement will likewise be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005) (quoting *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (1998)). "Rule 1925(b) waivers may be raised by the appellate court *sua sponte*." *Commonwealth v. Hill*, 609 Pa. 410, 428, 16 A.3d 484, 494 (2011). The Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised

on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* If a concise statement is too vague, the court may find waiver and disregard any argument. *Id.*

Instantly, the trial court sentenced Appellant on September 22, 2016. Appellant did not raise any objection to his sentence at the sentencing hearing. Appellant filed his untimely post-sentence motion on October 6, 2016, beyond the prescribed 10-day deadline. *See* Pa.R.Crim.P. 720(A)(1). Thus, Appellant did not preserve for appeal the issue raised in his untimely post-sentence motion. *See Feucht, supra*; *Wrecks, supra*.

Moreover, in his Rule 1925(b) statement, Appellant asserted only that the sentencing court incorrectly determined Appellant had a twenty-five-year history of violence against women, based upon Appellant's 1990 rape conviction. Therefore, any additional contention Appellant raises for the first time in his brief on appeal is also waived. *See Castillo, supra*. Accordingly, we affirm. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, this Court should affirm rather than quash appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/5/19