J-S30037-22
J-S30038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 2038 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008598-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS JOHNSON | : | |
| | : | |
| Appellant | : | No. 2039 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007351-2016

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:              **FILED SEPTEMBER 08, 2022**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated cases,[1] Marcus Johnson (Johnson) appeals *nunc pro tunc* from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County (trial court) after his guilty plea to one count of Carrying a Firearm without a License, 18 Pa.C.S. § 6106(a)(1), at each of the above docket numbers. He challenges the discretionary aspects of his sentence, arguing it was unduly harsh and excessive. We affirm.

We take the following factual background and procedural history from the trial court's January 3, 2022 opinion and our independent review of the record.

## I.

Johnson was arrested on July 23, 2015, at 3:00 a.m. with an unregistered nine-millimeter firearm in his pocket that was loaded with nine rounds. On December 2, 2015, Johnson entered an open guilty plea to one count of Carrying a Firearm without a License at case 8598-2015 and was released on bail pending sentencing. (**See** Trial Disposition and Dismissal Form, 12/02/15, at 1). At the hearing, the court informed Johnson that it was giving him a chance and that, if he were arrested for any other firearms violations, he would be facing a state sentence. Johnson failed to appear for

---

[1] Because both of Johnson's appeals involve the same judgment of sentence, we have consolidated them for our review and disposition.

the May 18, 2016 sentencing hearing and the court issued a bench warrant. (**See** N.T. Sentencing, 3/13/18, at 4-5).

On July 18, 2016, while still on bench warrant status, Johnson was arrested in Montgomery County and charged with possession of a controlled substance with intent to deliver (PWID) to which he pleaded guilty. On July 21, 2016, police officers were sent an Instagram post in which Johnson referred to his membership in the violent D4W gang in West Philadelphia and showed him holding firearms. When the police went to Johnson's home to investigate, they located a loaded .380 gun that matched the firearm in the Instagram post. (**See** Trial Court Opinion, 1/03/22, at 1-2); (N.T. Sentencing, at 5-7). Johnson was arrested and charged with various violations of the Uniform Firearms Act (VUFA)[2] at case 7351-2016.

On December 14, 2016, Johnson entered an open guilty plea to the lead charge of Carrying a Firearm without a License at case 7351-2016.

On March 13, 2018,[3] Johnson appeared before the trial court for sentencing on the gun convictions at cases 8598-2015 and 7351-2016.

---

[2] Carrying a Firearm without a License, Possession of a Firearm Prohibited, and Carrying a Firearm in Public in Philadelphia. **See** 18 Pa.C.S. §§ 6106(a)(1), 6105(a)(1), and 6108.

[3] Johnson was incarcerated for his conviction in Montgomery County during 2017, having been sentenced to six to twenty-three months' incarceration. While in custody, he incurred multiple infractions for failure to comply with a valid order, violating posted rules and disrespecting staff members. He also
*(Footnote Continued Next Page)*

Johnson's offense gravity score was nine and prior record score was zero. The court had the benefit of a Presentence Investigation Report (PSI) and heard argument from counsel, allocution from Johnson and the testimony of his mother and aunt. At the conclusion of this testimony, the court imposed consecutive sentences for an aggregate term of not less than seven nor more than fourteen years' incarceration, which was within the statutory range but exceeded the recommended sentencing guideline of twelve to twenty-four months per offense. The court explained it "sentenced him … to vindicate the [c]ourt's authority … for the protection of the public … prevention of crime … for punishment … and … for rehabilitation." (*Id.* at 21).

Two weeks later, on March 27, 2018, Johnson filed a post sentence motion that the court did not decide because it was untimely. On October 16, 2020, the court granted Johnson's petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and reinstated his right to file post-sentence motions and an appeal *nunc pro tunc*. Johnson timely filed a post-sentence motion on November 2, 2020, and on September 20, 2021, he received notice that it had been denied by operation of law. On September 30, 2021, Johnson filed the timely notice of appeal. He filed a

---

participated in a prison fight in which two inmates were injured. (*See* N.T. Sentencing, at 5-6).

timely court-ordered statement of errors complained of on appeal. ***See***
**Pa.R.A.P. 1925(b).**

Johnson raises one issue in which he maintains that his March 13, 2018 judgment of sentence was "harsh and excessive." (Johnson's Brief, at 7); (***see also id.*** at 14) (claiming "sentence was excessive and unreasonable".)

## II.

In support of his claim, Johnson argues that the court failed to consider certain mitigating factors such as the fact that he pleaded guilty and indicated remorse, his family supported him, even testifying on his behalf, and his education and history. (***See id.*** at 14-15). He also maintains that the court failed to provide appropriate reasons for deviating from the guidelines where it merely "made a cursory mention" of the reasons for the sentence. (***Id.*** at 17). These claims challenge the discretionary aspects of Johnson's sentence.[4] ***See Commonwealth v. Lee***, 876 A.2d 408, 411 (Pa. Super. 2005) (claim that sentence is manifestly excessive goes to discretionary aspects of sentencing); ***Commonwealth v. Archer***, 722 A.2d 203, 209 (Pa. Super.

---

[4] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." ***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted).

1998) (*en banc*) ("[M]isapplication of the Sentencing Guidelines constitutes a challenge to the discretionary aspects of sentence."); *Commonwealth v. Cruz-Centano*, 668 A.2d 536, 545 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (claim that sentencing court failed to consider certain mitigating factor implicates the discretionary aspects of sentence).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) The appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (citation omitted).

Here, Johnson filed a post-sentence motion and notice of appeal and has included a Rule 2119(f) statement in his brief. Thus, we consider whether he has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Ali*, 197 A.3d 742,

- 6 -

760 (Pa. Super. 2018), *appeal denied*, 207 A.3d 911 (Pa. 2019). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Commonwealth v. Dodge**, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Johnson's argument that the court abused its discretion in failing to provide reasons for his sentence pursuant to 42 Pa.C.S. § 9721(b) raises a substantial question, although his claim that the court failed to weigh certain mitigating factors in his favor does not. **See Commonwealth v. Kane**, 10 A.3d 327, 336 (Pa. Super. 2010) (a claim that the court inadequately considered certain mitigating factors does not raise a substantial question). Moreover, neither argument has merit.

It is well-settled that in considering the appropriate sentence, the trial court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. 9721(b). It is within the province of the trial court to weigh these factors and the appellate court cannot reweigh them and substitute its own judgment. **See Commonwealth v. Bowen**, 975 A.2d 1120, 1123 (Pa. Super. 2009). The trial court has the discretion to impose a sentence outside of the sentencing guidelines provided that it "demonstrate[s], on the record, an awareness of [them] and offer[s] a

contemporaneous written statement of the reason for deviating from [them]."

***See Commonwealth v. Wallace***, 244 A.3d 1261, 1279 (Pa. Super. 2021)

(citing 42 Pa.C.S. § 9721(b)).  The "contemporaneous written statement"

requirement is satisfied "when the judge states his reasons for the sentence

on the record and in the defendant's presence."  ***Commonwealth v. Durazo***,

210 A.3d 316, 321 (Pa. Super. 2019) (citation omitted).

Here, the trial court explains that it:

considered the Guidelines, but deviated from them for the protection of the public, to punish [Johnson], and to better meet [his] rehabilitative needs.  Contrary to [Johnson's] assertion, this Court is not required to give a specific degree of deference to any particular mitigating or aggravating factor.  Nor is this court required to impose a sentence equal to or lesser than that recommended by the Commonwealth.  More importantly, this court did in fact consider all of the factors [Johnson] mentions ….  This court was aware of the information in the [PSI] regarding [Johnson]'s education, family history, and dependency.  This court took note of [Johnson]'s strong family support, and the fact that multiple members of his family spoke on his behalf at sentencing.  This court also considered [Johnson]'s statements at the time of sentencing, and the fact that he took responsibility for his actions and expressed a desire to do better going forward.  This court did not fashion its sentence because of a disregard for these factors, but because of the significant aggravating factors in this case that led it to believe that [Johnson] is a serious threat to public safety if not incarcerated.  This court released [Johnson] on bail after he pled guilty to a firearms offense.  At that time, [Johnson] was informed that this court was giving him a chance, and that if he picked up additional firearms cases while out on bail, it would impact this court's sentence.  [Johnson] failed to appear for sentencing, indicating a clear lack of appreciation for the gravity of his crime and a lack of respect for the courts and the laws of the Commonwealth.  He was then arrested for another firearms charge.  He was then arrested for a third case in [Montgomery] County, this time for drugs.  [Johnson] was also involved in a fight while in custody.  That fight resulted in cuts and bleeding to at least one other inmate.  In summary, this court offered [Johnson]

a substantial opportunity to show that he was able to be rehabilitated without a custodial sentence when it released him on bail, and [Johnson] responded by committing more crimes. Nothing about [Johnson]'s conduct indicates that he is willing or able to obey the law if not incarcerated. To the contrary, his actions make it clear that he poses a significant threat to public safety if not incarcerated, and that his rehabilitative needs cannot be addressed without a significant sentence. …

(Trial Court Opinion, 1/03/22, at 4-5) (some capitalization omitted). We discern no abuse of discretion.

First, as observed by the trial court, it had the benefit of a PSI and, therefore, "we presume that the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014). "[W]here the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Second, the sentencing hearing notes of testimony support the trial court's decision. It reflects that the court received the argument of the Commonwealth and Johnson's counsel in which they advised the court of the sentencing guidelines three times. (*See* N.T. Sentencing, at 3, 4, 17). Counsel informed the court of Johnson's educational background, his failure to appear on May 18, 2021 for the deferred sentencing in case 8598-2015, and his drug history. (*See id.* at 5). Both counsel noted his affiliation with the D4W gang, whose members have been involved in violent gun-related

crimes and drug sales. (*See id.* at 5-6, 8). In fact, while out on bail and awaiting sentencing, Johnson himself was shot and was also arrested and pleaded guilty to PWID in Montgomery County. (*See id.* at 4-5, 9). Counsel provided the court with evidence of Johnson's violence-related infraction while in custody for the PWID charge and explained the circumstances of the arrests herein, particularly the fact that he was arrested for his second firearms offense (7351-2016) while on bail for the first (8598-2015) despite the court having given him a break and a warning that should he commit another gun-related offense, he would be subject to state incarceration. (*See id.* at 4-5, 11-13). The court heard the allocution of Johnson in which he admitted that he "messed up," but stated he is trying his best. (*Id.* at 17). It also heard the testimony of Johnson's mother and aunt in which they denied the allegations against him. (*See id.* at 14-17). After receiving this testimony, it imposed the sentence to vindicate its authority, protect the public, prevent crime, and punish and rehabilitate him. (*See id.* at 21).

Based on the foregoing, we conclude that the court did not abuse its discretion by imposing a "manifestly unreasonable" judgment of sentence. ***Antidormi***, ***supra*** at 760. Johnson's issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
_Prothonotary_

Date: _9/8/2022_