J-A22028-23
J-A22029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES J. HUNTER | : | |
| | : | |
| Appellant | : | No. 53 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 25, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004010-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES HUNTER | : | |
| | : | |
| Appellant | : | No. 98 WDA 2023 |

Appeal from the Judgment of Sentence Entered July 15, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0004012-2018

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                      **FILED: December 27, 2023**

Appellant, Charles J. Hunter, appeals from the judgment of sentence

entered on July 25, 2022, following his jury trial convictions for multiple sexual

offenses and related crimes committed against a five-year-old male.[1] We affirm.

We briefly set forth the facts and procedural history of this case as follows. In August 2018, a woman who was dating Appellant at the time, Amanda Smith, discovered a video of Appellant's co-defendant, Kinzey, performing oral sex on a minor child, Kinzey's biological son. Smith forwarded the video to Appellant's mother who then reported it to the police. Police investigated and subsequently executed a search warrant at Kinzey's residence, while Appellant was present. Appellant tried to hide his cellular telephone; however, the police recovered it along with Kinzey's cellular telephone. The police performed a forensic extraction of text messages and

---

[1] Appellant was charged and convicted in two separate cases which were consolidated for trial. Corby Jo Kinzey, Appellant's former girlfriend and mother of the victim, was tried as co-defendant. At trial court docket number CP-65-CR-0004010-2018, the conviction and sentence challenged at Superior Court docket 53 WDA 2023, a jury found Appellant guilty of three counts of involuntary deviate sexual intercourse (IDSI) with a child pursuant to 18 Pa.C.S.A. § 3123(b). The trial court dismissed a fourth IDSI charge in response to Appellant's motion for judgment of acquittal. At trial court docket number CP-65-CR-0004012-2018, a jury found Appellant guilty of rape of a child, three counts of IDSI with a child, four counts of sexual abuse of children – photographing, videotaping, depicting on computer or filming sexual acts, four counts of sexual abuse of children – child pornography, four counts of incest of minor – complainant under 13 years, corruption of minors, and conspiracy to commit rape of a child. 18 Pa.C.S.A. §§ 3121(c), 31213(b), 6312(b)(1), 6312(d), 4302(b)(1), 6301(a)(1)(ii), and 903. An appellate challenge to the conviction and sentence at CP-65-CR-0004012-2018 has been docketed in this Court at 98 WDA 2023. Because these appeals involve related facts and identical parties, we consolidated both matters on our own motion. *See* Pa.R.A.P. 513 ("[…W]here the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

videos from Appellant's cellular telephone.  There were several text messages between Appellant and Kinzey wherein Appellant requested that Kinzey perform multiple sex acts in front of the minor victim, including *inter alia* masturbating, using sex toys, and performing oral sex upon each other.  The police also extracted four videos that were saved on Appellant's cellular telephone depicting the victim licking Kinzey's genitals, Kinzey inserting her finger into the victim's anus, Kinzey performing oral sex on the victim, and Kinzey engaging in vaginal sex with the victim.  In initial interviews with police, both Appellant and Kinzey claimed that a masked man held Kinzey at gunpoint and forced her to make the videos.  At a jury trial that commenced on April 19, 2022, however, Kinzey testified that Appellant asked her multiple times to film sex videos with the victim, she eventually relented, and she confirmed that the acts described in the text messages occurred absent gunpoint compulsion.    She also testified that she and Appellant both performed oral sex on the victim prior to filming the videos and that on two occasions Appellant forced the victim to perform oral sex on him.  Appellant did not testify at trial.  The jury ultimately convicted Appellant of the aforementioned offenses.   The trial court deferred sentencing for 90 days pending the preparation of a pre-sentence investigation (PSI) report and sex offender assessment.  On July 15, 2022, the trial court sentenced Appellant to an

J-A22028-23
J-A22029-23

aggregate sentence of 84 to 168 years of incarceration followed by three years of probation on both criminal cases.  These appeals resulted.[2]

---

[2]  On July 25, 2022, Appellant filed timely, separate post-sentence motions at both trial court dockets.  On December 12, 2022, the trial court entered an order denying relief at trial court docket number CP-65-CR-0004010-2018.  On the same date, the trial court entered an order at trial court docket number CP-65-0004012-2018 granting Appellant's post-sentence motion in part and denying additional relief.  More specifically, the trial court granted Appellant's motion for judgment of acquittal and vacated one count of IDSI at CP-65-CR-0004012-2018.  However, trial courts are required to decide post-sentence motions within 120 days of filing, or grant an extension, or "the motion shall be deemed denied by operation of law."  Pa.R.Crim.P. 720(B)(3)(a).  Here, Appellant's post-sentence motions should have been deemed denied by operation of law on November 22, 2022, but the clerk of courts did not enter such an order or forward notice to Appellant.  When a trial court denies a post-sentence motion after the 120-day period and an appellant then files an appeal within 30 days of the date of that decision, this Court has found that the notice of appeal is timely if no order deeming the motion to be denied by operation of law has been entered by the clerk of courts.  ***See Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003) (a breakdown of the court system occurs when the clerk of courts fails to enter an order deeming a post-sentence motion denied by operation of law and notifying the defendant of the same); ***see also Commonwealth v. Braykovich***, 664 A.2d 133 (Pa. Super. 1995) (holding that appellant's notice of appeal was timely, as it was filed within 30 days of an untimely order denying post-sentence motions).  On January 10, 2023, Appellant filed a single, but timely, notice of appeal listing both trial court dockets.  On January 20, 2023, citing our decision in ***Commonwealth v. Young***, 280 A.3d 1049 (Pa. Super. 2022), this Court entered an order directing Appellant to file two amended notices of appeal within 10 days, each listing only one trial court docket number.  Appellant complied timely and also filed corresponding concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  The first amended notice of appeal was docketed with this Court at 53 WDA 2023 and corresponds with trial court docket number CP-65-CR-0004010-2018.  The second amended notice of appeal was docketed with this Court at 98 WDA 2023 and corresponds with trial court docket CP-65-CR-0004012-2018. On January 27, 2023, the trial court issued a single opinion pursuant to Pa.R.A.P. 1925(a).

- 4 -

On appeal, Appellant presents the following issues[3] for our review:

I.     Whether [] Appellant's convictions were against the weight of the evidence when [the central Commonwealth] witness against him was his co-defendant, who provided self-motivated and discordant testimony in establishing the only direct evidence of [] Appellant's involvement in the alleged crimes?

II.    Whether the [s]entencing [c]ourt abused its discretion in issuing consecutive sentences for each of [] Appellant's convictions, thereby violating sentencing norms [effectively] giving [] Appellant [a] life sentence despite the fact that he was merely an accomplice to the acts of his co-defendant?

Appellant's Brief (98 WDA 2023), at 3; *see also* Appellant's Brief (53 WDA 2023), at 2 ("Whether the [t]rial c]ourt erred in determining that [] Appellant's conviction[s were] supported by the weight of the evidence when the Commonwealth's primary witness, Corby Jo Kinzey, was self-interested and an admitted liar who gave disparate testimony in support of the case against [] Appellant?").

In the first issue examined on appeal, Appellant claims that his convictions were against the weight of the evidence presented at trial. Appellant contends that the Commonwealth relied almost entirely on the testimony of his co-defendant, Kinzey, to sustain his convictions. Appellant's Brief (98 WDA 2023), at 25; *see also* Appellant's Brief (53 WDA 2023), at 18. Appellant asserts that "[a]lthough she maintained she offered her [trial] testimony without any promise of a plea bargain, [Kinzey] simultaneously

_____

[3] We have reordered Appellant's issues for ease of discussion.

related she **did** expect consideration from the judge, conflicting with her claims that she had no expectation as to what would happen in terms of a sentence for her cases." Appellant's Brief (98 WDA 2023), at 25-26 (emphasis in original); *see also* Appellant's Brief (53 WDA 2023), at 18. Additionally, Appellant asserts that "Kinzey admitted that she initially lied to authorities when she told them [] Appellant was not present when videos were made of the sex acts between her" and the victim and, again, when she told the police that a man wearing a ski mask and wielding a firearm forced her to perform oral sex on the victim. Appellant's Brief (98 WDA 2023), at 26; *see also* Appellant's Brief (53 WDA 2023), at 18-19. Appellant also claims that Kinzey testified inconsistently about "when and how many times the alleged sex acts occurred between [] Appellant and [the victim]." Appellant's Brief (53 WDA 2023), at 20. Hence, Appellant posits that "[i]t is apparent from the record that Kinzey lied from the outset of this matter in order to protect herself after being caught committing vile sex against her child." Appellant's Brief (98 WDA 2023), at 27; *see also* Appellant's Brief (53 WDA 2023), at 19. Accordingly, Appellant suggests that "[g]iven [Kinzey's] lack of credibility, self-motivated testimony, and the discordant description of [] events, [Appellant urges] this Court [to] find [] Appellant's convictions in this matter shocking and vacate his sentence." Appellant's Brief (98 WDA 2023), at 29-30; *see also* Appellant's Brief (53 WDA 2023), at 20.

- 6 -

An appellate court's standard of review when presented with a weight

of the evidence claim is distinct from the standard of review applied by the

trial court:

> Appellate review of a weight claim is a review of the exercise of
> discretion, not of the underlying question of whether the verdict
> is against the weight of the evidence. Because the trial judge has
> had the opportunity to hear and see the evidence presented, an
> appellate court will give the gravest consideration to the findings
> and reasons advanced by the trial judge when reviewing a trial
> court's determination that the verdict is against the weight of the
> evidence. One of the least assailable reasons for granting or
> denying a new trial is the lower court's conviction that the verdict
> was or was not against the weight of the evidence and that a new
> trial should be granted in the interest of justice. This does not
> mean that the exercise of discretion by the trial court in granting
> or denying a motion for a new trial based on a challenge to the
> weight of the evidence is unfettered.
>
> In describing the limits of a trial court's discretion, we have
> explained:
>
>> The term "discretion" imports the exercise of judgment,
>> wisdom and skill so as to reach a dispassionate conclusion
>> within the framework of the law, and is not exercised for the
>> purpose of giving effect to the will of the judge. Discretion
>> must be exercised on the foundation of reason, as opposed
>> to prejudice, personal motivations, caprice or arbitrary
>> actions. Discretion is abused where the course pursued
>> represents not merely an error of judgment, but where the
>> judgment is manifestly unreasonable or where the law is not
>> applied or where the record shows that the action is a result
>> of partiality, prejudice, bias or ill-will.

**Commonwealth v. Soto,** 202 A.3d 80, 97 (Pa. Super. 2018) (citation

omitted). "[W]e may not [re-]weigh the evidence and substitute our

judgment for the fact-finder." **Id.** at 93 (citation omitted). Variances in

testimony go to the credibility of the witnesses and not the sufficiency of the

evidence. ***Commonwealth v. Johnson,*** 180 A.3d 474, 478 (Pa. Super. 2018). However, we note that "[i]t is well settled that even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." ***Commonwealth v. Gilliam***, 249 A.3d 257, 268 (Pa. Super. 2021) (internal quotation and citation omitted). "For an appellant to prevail on a challenge to the weight of evidence, he must establish that the evidence was so tenuous, vague, and uncertain that the verdict shocks the conscience of the court." ***Id.*** at 269–270 (internal quotation and citation omitted).

Here, the trial court determined:

In the present case, [] all of the evidence that the jurors had available to them was overwhelmingly in support of the verdict rendered. Through the duration of the trial, the jurors considered the testimony of Ms. Kinzey, who without any promise or offer from the Commonwealth in exchange for her testimony, testified as to her and [Appellant's] vulgar conduct surrounding the victim in these cases, including references to specific sexual events; the text message exhibits depicting messages between [Appellant] and Ms. Kinzey regarding sexual references to the victim and messages as to what they were going to do to the victim sexually; the text message exhibit between Ms. Smith and [Appellant] regarding the video that Ms. Smith found on her cell[ular tele]phone and Ms. Smith's testimony regarding the nature of [Appellant's] behavior surrounding the video; the testimony of [a police sergeant], who testified that he observed [Appellant] reach into his pocket and hide his cell[ular tele]phone behind the corner while police [conducted a search pursuant to a warrant]; the testimony of [a police lieutenant], who testified that he performed an extraction of [Appellant's] cell[ular tele]phone and located four videos of Ms. Kinzey engaging in sex acts with her son [and] further testimony regarding [Appellant's] responses during the police interview; the stipulation concerning the videos that were recovered from [Appellant's] cell[ular tele]phone; and the testimony from [Kimberly] Gailbraith, who testified that after Ms.

- 8 -

> Kinzey was arrested, [Appellant] asked her to delete/deactivate her Facebook [account].
>
> Based upon [a] review of the entire record, [the trial court did] not find that jury's verdict was inconsistent or so contrary to the evidence as to shock [the court's] sense of justice. The jury was certainly capable of determining whether to believe all, part, or none of the evidence with respect to whether the Commonwealth met its burden at each count and to determine the credibility of each witness. For the majority of the charges[, Appellant] was charged as an accomplice or co-conspirator to Ms. Kinzey. Clearly, the jurors found Ms. Kinzey's testimony and account of events to be credible and rendered a verdict accordingly. It is the opinion of [the trial c]ourt that the verdict was consistent with all of the evidence presented.

Trial Court Opinion, 1/27/2023, at 12-13.

Upon our review of the record and applicable law, we agree with the conclusion that the verdict did not shock the conscience of the court so as to warrant relief on Appellant's weight of the evidence claim. Kinzey explained that she initially lied to the police in order to protect herself and Appellant. N.T., 4/19-22,2022 at 215. Kinzey further testified that Appellant "told [her] to tell the police officers that there was a man trying to kill [her] and forced [her]" to commit sex acts against the victim. *Id.* at 216. The jury was free to believe all, part, or none of the evidence to determine Kinzey's credibility and variances in her testimony. We simply may not reweigh the evidence and substitute our judgment for the jury. Moreover, text messages between Appellant and Kinzey and videos recovered from Appellant's cellular telephone, as presented at trial, corroborated Kinzey's version of events. Based upon the facts of record, we discern no abuse of discretion or error of

law by the trial court in denying Appellant's weight claim. For all of the foregoing reasons, Appellant is not entitled to relief on his first issue.

Next, Appellant challenges the discretionary aspects of sentencing, arguing that "[t]he sentencing [c]ourt's decision to give [] Appellant consecutive sentences at each count is fundamentally excessive and disproportionate to the crimes committed, seemingly ignoring [] Appellant was merely an accomplice to the offenses committed." Appellant's Brief (98 WDA 2023), at 17. More specifically, Appellant argues:

> There is no dispute that the allegations made against [] Appellant are heinous. Despite their shocking nature, even when viewed in the light most favorable to the Commonwealth, the allegations herein denote [] Appellant acting in the capacity of an accomplice to egregious sex crimes committed by [] Kinzey. At most, [] Appellant solicited [] Kinzey to commit said crimes and videotaped them in part. Though detestable in nature, with respect to this case, [] Appellant did not himself commit the overt sex acts inflicted upon [the victim] by his mother.

*Id.* at 21. Appellant argues that his sentence essentially amounts to life imprisonment and "is manifestly unjust as it is disproportionate to the conduct of [] Appellant." *Id.* at 22. As such, Appellant maintains that his sentence should be vacated. *Id.*

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *see also Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595 (Pa. Super. 2010) (claim that the trial court erred in imposing consecutive sentences is a challenge to the

discretionary aspects of a sentence). Appellant, however, does not have an automatic right to appeal the discretionary aspects of his sentence. ***See*** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. ***Id.***

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720 [and 708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

In this case, Appellant preserved his sentencing issue by raising it in his post-sentence motion, filed a timely notice of appeal and raised the issue in his appellate brief in a separate statement pursuant to Pa.R.A.P. 2119(f). Furthermore, this Court previously determined that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015), *citing* ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014); ***see also Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). As such, we will review Appellant's sentencing claim.

We adhere to the following standards:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11–12 (Pa. Super. 2007) (internal citations and quotations omitted).

Pursuant to statute,

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.... In every case in which the court imposes a sentence for a felony or misdemeanor ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

Moreover, we have held:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation [(PSI)] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

- 12 -

*Commonwealth v. Fowler*, 893 A.2d 758, 767-768 (Pa. Super. 2006) (internal citation omitted).

Finally, we note that "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (internal citation omitted); *see also* 42 Pa.C.S.A. § 9721(a). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." *Id.* (citation omitted).

Here, the trial court reviewed a PSI report before rendering its sentencing decision. Trial Court Opinion, 1/27/2023, at 11. Appellant did not object to the contents of the PSI report or otherwise advance amendments or corrections. N.T., 7/15/2022, at 3. As such, we presume that the trial court was aware of, and considered, accurate and relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors when sentencing him. Moreover, upon our review of the sentencing transcript, we discern no trial court abuse of discretion. Before sentencing Appellant to standard-range, consecutive sentences, the trial court noted that Appellant "totally robbed [the victim] of his innocence and having a normal childhood" instead, "giving him a lifetime filled with mental health treatment" due to the "violent acts of sexual trauma [Appellant] perpetrated on him." *Id.* at 13. The trial court, however, rejected the Commonwealth's

argument to impose aggravated-range sentences on all counts. *Id.* at 11-13. In its subsequent Rule 1925(a) opinion, the trial court acknowledged that the consecutive, aggregate sentence was "lengthy" but opined that "[w]hen weighing and fashioning a sentence, the [c]ourt took into consideration the circumstances and seriousness of the offenses." Trial Court Opinion, 1/27/2023, at 11-12. We will not disturb the consecutive nature of the sentence because the aggregate is not grossly disparate to Appellant's conduct and does not viscerally appear as patently unreasonable. For all of the foregoing reasons, Appellant is not entitled to relief on his sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/27/2023