J-S44010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANDREW HALL | : | |
| | : | |
| Appellant | : | No. 1619 EDA 2023 |

Appeal from the Judgment of Sentence Entered June 6, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004408-2020

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.: **FILED MARCH 20, 2024**

Appellant, Andrew Hall, appeals from the judgment of sentence entered on June 6, 2022, following his guilty plea to promoting prostitution, unlawful contact with a minor, sexual exploitation of children, statutory sexual assault, and two counts each of trafficking in individuals and sexual abuse of children.[1] For the reasons that follow, we affirm Appellant's convictions, vacate Appellant's sentence, and remand this matter for the trial court to conduct a hearing to determine whether Appellant is entitled to credit for time-served.

We briefly summarize the facts and procedural history of this case as follows. On August 21, 2020, police responded to the Best Western Hotel in Bensalem, Bucks County, Pennsylvania upon a report that a juvenile was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5902(b)(1), 6318(a)(1), 6320, 3122.1(b), 3011(a)(1) and (a)(2), and 6312(b)(1) and (c), respectively.

engaged in prostitution. Officers located Appellant exiting a room at the hotel and inside the room was the victim, a 15-year-old female who was five months pregnant. Appellant's two children, both under the age of four, were also present. Police also discovered narcotics in the hotel room. The victim told police that she had run away from home several months earlier and met Appellant at a Motel 6 in Philadelphia, Pennsylvania. The victim claimed that Appellant took photographs of her and recorded a video of her having sex with Appellant, and Appellant posted the photographs and video to an online advertisement for "dates." Appellant used his cellular telephone to post the advertisements and schedule the "dates." The victim then began having vaginal and oral sex for money at several area hotels. Appellant and the victim shared a room, but Appellant would leave until the victim texted him that she was finished having sex for money. The money Appellant collected was then used to purchase hotel rooms, food, and narcotics. Initially, the victim was hesitant to talk to the police about Appellant because she claimed she was in a romantic relationship with him. Appellant, knowing the victim was only 15 years old, admitted to police that he had sex with the victim and recorded a video of them having sex, which he posted online.[2] With consent, the police examined Appellant's cellular telephone and viewed numerous text messages asking for "dates" with the victim.

_____

[2] Appellant was 27 years old at the time of the crimes. **See** N.T., 6/6/2022, at 26.

On February 28, 2022, Appellant pled guilty to the aforementioned charges. The trial court deferred sentencing for 90 days for the preparation of a pre-sentence investigation report (PSI) and a report from the Sexual Offenders Assessment Board (SOAB).[3] On June 6, 2022, the trial court sentenced Appellant to an aggregate term of 17 to 40 years of imprisonment. The trial court also ordered Appellant to pay prosecution costs, undergo drug and alcohol treatment, and avoid contact with the victim and her family. On June 15, 2022, Appellant filed a motion for reconsideration. The trial court denied relief by order entered on June 22, 2022. This appeal resulted.[4]

On appeal, Appellant presents the following issues[5] for our review:

> I. Did the trial court abuse its discretion in sentencing Appellant to a term of total confinement of not less than 17

---

[3] Although the SOAB ultimately determined that Appellant was not a sexually violent predator, he was still classified as a tier III sexual offender, requiring lifetime registration. Appellant does not challenge that determination herein.

[4] Appellant filed a notice of appeal on July 6, 2022. On August 2, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on August 22, 2022. On August 24, 2022, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). This Court dismissed the appeal by order dated January 6, 2023, when counsel for Appellant failed to file an appellate brief. On March 27, 2023, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act, alleging counsel provided ineffective assistance. The trial court appointed new counsel for Appellant and issued an order on May 30, 2023, reinstating Appellant's direct appeal rights *nunc pro tunc*. On June 22, 2023, Appellant filed a notice of appeal. On June 23, 2023, the trial court ordered Appellant to file a Rule 1925(b) concise statement. Appellant complied on August 12, 2023. The trial court issued another opinion pursuant to Rule 1925(a) on July 14, 2023.

[5] We have reordered the issues for ease of discussion and disposition.

years, nor more than 40 years, as the court relied upon uncharged and impermissible factors, the court departed upwards from the top of the aggravated range of the [sentencing] guidelines, on count 10, and imposed consecutive sentences, all without appropriate justification and cause[,] contrary to the Sentencing Code and the court failed to appropriately weigh and consider mitigating factors[?]

II.    Is the sentence imposed by the trial court [] an illegal sentence in that the court failed to provide time-credit to the sentence from the date Appellant's bail was set (August 21, 2020), [although bail was] not posted, to the date the sentence was imposed (June 6, 2022), in violation of 42 Pa.C.S.[A.] § 9760[?]

Appellant's Brief at vi (complete capitalization omitted).

First, Appellant contends that his aggregate sentence of 17 to 40 years of imprisonment is excessive and an abuse of the trial court's discretion.  *Id.* at 11-15.  Appellant claims that the trial court relied upon impermissible factors in sentencing him, including uncharged prison misconduct and continued contact with the victim despite her consent.  *Id.* at 11.  Appellant also contends that the trial court abused its discretion by sentencing him for statutory sexual assault above the aggravated range of the sentencing guidelines and also imposing consecutive sentences.  *Id.*  Finally, Appellant suggests that "[t]he sentence imposed failed to consider, or at least provide sufficient weight to Appellant's mitigating factors which included Appellant's learning disability, [] his inability to read, his lack of an education, his inability to financially support himself outside of engaging in prostitution, Appellant's

substance use/abuse disorder, and his acceptance of responsibility for his crimes." *Id.* at 15.

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). "Sentencing is the responsibility of the trial court and we will not disturb the sentence unless there is a manifest abuse of discretion." *Commonwealth v. Knox*, 219 A.3d 186, 199 (Pa. Super. 2019) (citations omitted). "To establish a manifest abuse of discretion, the appellant must show a misapplication of the law, or partiality, prejudice, bias, or ill will that led to the unreasonable decision." *Id.*

Moreover, pursuant to statute, an appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, an appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Upon review, Appellant properly preserved his claim in a motion to reconsider his sentence, filed a timely notice of appeal, and presented a statement in his appellate brief that comports with the requirements of Rule 2119(f). Moreover, we have previously determined that a "challenge to the imposition of [] consecutive sentences as unduly excessive, together with [a] claim that the court failed to consider rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015); *see also Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006) (claim that trial court relied on impermissible factors, such as uncharged criminal conduct, raises substantial question). As such, we find Appellant's claim presents a substantial question for our review.

As stated above, we review a trial court's sentence for an abuse of discretion. The trial court must consider the relevant sentencing guideline ranges, as well as "the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Coulverson*, 34 A.3d 135, 144 (Pa. Super. 2011) (citation omitted); *see also* 42 Pa.C.S.A. § 9781(d) (when reviewing the record, an appellate court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the opportunity of the sentencing court to observe the defendant, including any presentence investigation, the findings upon which the sentence was based, and the sentencing guidelines). "The

court may deviate from the recommended guidelines [because they are] merely one factor among many that the court must consider in imposing a sentence" and may deviate "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." ***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008) (citations omitted). "When a court chooses to depart from the [sentencing] guidelines however, it must demonstrate on the record, as a proper starting point, [] awareness of the sentencing guidelines" and "must provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." ***Id.*** (internal citations and quotations omitted). Additionally, we note that uncharged conduct "can be used as a sentencing factor only under tightly-prescribed circumstances when there is evidentiary proof linking the defendant to the conduct." ***P.L.S.***, 894 A.2d at 130; ***see also Commonwealth v. Losch***, 535 A.2d 115, 122 (Pa. Super. 1987) ("Even long after the offense has been committed, a defendant's conduct and attitudes may reflect his potential for rehabilitation.").

Finally, we have previously determined:

Where PSI reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

A PSI report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an

effort of legal purification, we state clearly that sentencing courts are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.

*Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (internal citations and brackets omitted).

Here, the trial court recited the applicable sentencing guidelines prior to imposing Appellant's sentence. *See* N.T., 6/6/2022, at 8-9. The trial court also reviewed a PSI report prior to sentencing in this matter. *Id.* at 25-26. The trial court further noted that Appellant was prohibited from contacting the victim in this matter. *Id.* at 26. Eventually, because Appellant continued to contact the victim from prison, the trial court "suspended [Appellant's] phone privileges and text privileges because he kept trying to contact her." *Id.* at 27. The trial court also reflected on Appellant's "unstable upbringing" as well as his "history of drug and alcohol abuse." *Id.* at 28. The trial court, however, noted that Appellant lacked remorse, blamed the victim for the criminal conduct, continued to contact her despite no contact orders, and did not appreciate the gravity of the offenses committed. *Id.* at 30-31. As such, the trial court determined that its sentence was necessary to protect the community and Appellant's "significant" need for rehabilitation. *Id.* at 31.

In its subsequent opinion, the trial court determined:

In the case at bar, put simply, Appellant took sexual advantage of an underage girl that was homeless and pregnant and trafficked her for his own personal gain while his infant and four-year old child were in the room. Appellant, the only adult involved, completely disregarded these minors' safety and well-being and put them in positions with consequences that may affect them for the rest of their lives. When imposing sentence, [the trial c]ourt considered all the factors set forth in the Sentencing Code, including the protection of the public, the gravity of the offense, the history, character, condition and rehabilitative needs of Appellant and the sentencing guidelines and concluded that a substantial term of incarceration was required. These considerations were explicitly placed on the record and are discussed below.

First, [the trial c]ourt looked at Appellant's own testimony. At his sentencing hearing, Appellant stated that he "tried to stop her. She just wanted to keep doing it." Appellant seriously suggested to [the trial c]ourt that it was [the v]ictim's fault that she was prostituted and chalked his behavior up to being "in love." Yet, at that same hearing, Appellant also admitted that [the v]ictim never asked him to post the pictures; he posted them of his own volition, despite knowing she was underage and that the conduct was not only illegal, but also objectively wrong.

Second, [the trial c]ourt examined the materials written by professionals regarding Appellant. The SOAB [r]eport stated that Appellant exhibited "predatory behavior" and is highly likely to reoffend with future criminal activity. It noted antisocial personality traits, but the evaluator did not feel that he had enough information to give a formal diagnosis, which would have made Appellant a sexually violent predator. The PSI [r]eport expressed that he has a "pattern of female sexual exploitation" and that "it appears his guilt is more related to being caught, not for the turmoil and stress he has caused his victim .... He seems unaware of the depth of her suffering as a result of being his victim." The PSI [r]eport recommended an aggravated sentence totaling no less than fifteen (15) to no more than thirty (30) years in a state correctional institution.

Third, [the trial c]ourt assessed Appellant's behavior. While in the Bucks County Correctional Facility awaiting trial and sentencing, Appellant incurred six misconducts for contraband, theft, fighting, and disobeying direct orders. He also violated direct [o]rders from [the trial c]ourt, [m]agisterial [d]istrict [j]udge[, and another trial

court judge] which directed Appellant to have no contact with [the v]ictim. Appellant attempted to call [the v]ictim over 1,500 times and successfully reached her 364 times. When [the trial c]ourt suspended Appellant's phone privileges and he could no longer make calls from his own [prison] account, he circumvented the system and continued to use the accounts of others to make the calls. Appellant has repeatedly demonstrated that he does not respect the court's authority, that he will manipulate the system, and that he has no ability to follow rules or structure.

Lastly, [the trial c]ourt acknowledged Appellant's history. Appellant had an unstable childhood with very little family support. This led to Appellant engaging in criminal activity while battling drug addiction and homelessness. Perhaps Appellant would have made different choices had he not experienced this tough upbringing.

Trial Court Opinion, 8/24/2022, at 6-8 (record citations omitted; brackets supplied).

Upon review, we discern no abuse of discretion in sentencing Appellant to an aggregate term of 17 to 40 years of incarceration. Initially, we note that the trial court had the benefit of a PSI report and, therefore, we presume that it was aware of the relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. The trial court demonstrated its awareness of the sentencing guidelines and provided reasons for deviation. Moreover, it was not error for the trial court to consider Appellant's conduct in prison. Appellant's prison misconducts for contraband, theft, fighting, and disobeying direct orders while incarcerated were documented in the PSI report as reported from prison and, therefore, evidentiary proof linked Appellant to the conduct. Ultimately, the trial court properly determined that Appellant's prison misconduct showed that he was

not amenable to rehabilitation. The record also reveals that the trial court examined the gravity of the offenses and the impact on the minor victim and the community. Moreover, the trial court considered the mitigating factors presented by Appellant. Hence, we conclude that Appellant's sentence properly considered the protection of the public, his rehabilitative needs, and the gravity of the offenses as required. As such, Appellant's discretionary aspect of sentencing claim fails.

Next, relying upon 42 Pa.C.S.A. § 9760(1),[6] Appellant contends that he is entitled to credit for time spent in custody awaiting trial. Appellant's Brief at 6-8. More specifically, Appellant asserts that

> he is entitled to credit for time [he spent in jail] between the setting of bail [on] August 21, 2020, and sentencing [on] June 6, 2022.
>
> The trial court acknowledges in its opinion that Appellant is entitled to the requested time credit, assuming Appellant was not detained [on another matter] and did not receive the credit for time-served elsewhere. Appellant's counsel has been unable to identify any other cases in which Appellant received the time credit from [August 21, 2020 through June 6, 2022], and thus, [suggests] this Court should remand the matter back to the [trial court] for resentencing and application of the credit to which Appellant is entitled.

*Id.* at 7-8.

---

[6] Section 9760(1) provides, in pertinent part, that a defendant is entitled to "[c]redit against the maximum term and any minimum term [] for all time spent in custody as a result of a criminal charge for which a prison sentence is imposed[.] Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending resolution of an appeal." 42 Pa.C.S.A. § 9760(1). A defendant is given credit for time-served "that has not been credited against another sentence." 42 Pa.C.S.A. § 9760(4).

- 11 -

"An attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence and cannot be waived." *Commonwealth v. Davis*, 852 A.2d 392, 399 (Pa. Super. 2004) (citation omitted). "Because the legality of a sentence presents a pure question of a law, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 889 (Pa. Super. 2019) (citation omitted). An illegal sentence must be vacated. *Id.* (citation omitted).

Here, the trial court concedes that "[i]f Appellant was not detained on any other matter and this time was not credited towards any other proceeding, then [the trial court] agrees that Appellant is entitled to credit from August 21, 2020 to June 6, 2022 pursuant to 42 Pa.C.S.[A.] § 9760." Trial Court Opinion, 7/14/2023, at 9. The trial court noted, however, that it "no longer had jurisdiction to amend Appellant's sentence." *Id.* As such, the trial court acknowledges that a remand for resentencing is proper. *Id.* Likewise, "[t]he Commonwealth concedes, as did the trial court, that [Appellant] did not receive credit for time spent in custody which he would be entitled to pursuant to [Section] 9760" and "[t]hus, it would appear that [Appellant] is entitled to a remand for the limited purpose of determining the proper credit[.]" Commonwealth's Brief at 21.

As Section 9760 makes clear, Appellant is entitled to credit for any time served in jail awaiting trial, so long as that time has not already been credited against another sentence. From our review of this record, the trial court did

not consider Appellant's pretrial incarceration or contemplate credit for time-served at all. ***See*** N.T., 6/6/2022, at 31-33. On this record, we are unable to discern whether Appellant's time in custody in this matter was credited against another sentence. In view of the concessions offered by the trial court and the Commonwealth, we agree that Appellant may be entitled to relief. Accordingly, we vacate Appellant's sentence and remand for the trial court to conduct a limited evidentiary hearing to determine whether Appellant is entitled to credit for time-served.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2024